REAM v L. E. MYERS COMPANY

1. WORKMEN'S COMPENSATION—COMPENSABLE INJURY—COMMUTING
   FROM WORK—SPECIAL MISSION—BENEFIT TO EMPLOYER.

   Generally, an employee who is injured while commuting to or
   from work is not entitled to workmen's compensation; an
   exception to the rule of noncompensability exists, however,
   where the employee is on a "special mission" for the benefit of
   the employer.

2. WORKMEN'S COMPENSATION—COMPENSABLE INJURY—COMMUTING
   FROM WORK—SPECIAL ASSIGNMENT—BENEFIT TO EMPLOYER.

   An employee's injuries, sustained while commuting home from
   the job site, are compensable where the employee was on a
   temporary special assignment for the employer which required
   that he commute a considerable distance, which assignment
   was outside the normal performance of the employee's duties
   and which clearly represented a special benefit to the employer.

Appeal from Workmen's Compensation Appeal
Board. Submitted October 7, 1976, at Grand Rap-
ids. (Docket No. 26403.) Decided November 9, 1976.
Leave to appeal applied for.

Claim by Alan J. Ream against L. E. Myers
Company, Aetna Casualty & Surety Company, and
the Second Injury Fund for workmen's compensa-
tion. Benefits awarded. The Workmen's Compensa-
tion Appeal Board affirmed. Defendants L. E.
Myers Co. and Aetna Casualty & Surety Co. ap-
peal by leave granted. The Second Injury Fund
was allowed to intervene as a party appellant.
Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 81 Am Jur 2d, Workmen's Compensation §§ 223–337.

*Reamon, Williams, Klukowski & Craft,* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells),* for L. E. Myers Company and Aetna Casualty & Surety Company.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Michael L. Pitts,* Assistant Attorney General, for the Second Injury Fund.

Before: R. B. BURNS, P. J., and D. E. HOLBROOK and T. M. BURNS, JJ.

T. M. BURNS, J. On August 7, 1972, plaintiff suffered severe injuries in a collision between his pickup truck and a train while returning home from his job with defendant L. E. Myers Company. Plaintiff filed a petition for a workmen's compensation hearing on October 26, 1972. On September 6, 1973, the hearing referee determined that plaintiff sustained personal injuries arising out of and in the course of his employment which resulted in total and permanent disability due to the industrial loss of use of both hands. On October 31, 1975, in a 4-1 decision, the Workmen's Compensation Appeal Board (WCAB) affirmed the hearing referee's decision. This Court granted defendants' (L. E. Myers and Aetna Casualty & Surety) motion for leave to appeal on November 13, 1975.

Plaintiff began his employment with L. E. Myers Company (hereinafter the defendant) in 1970 and worked his way up from a groundman, to an apprentice, to a bulldozer operator. Plaintiff's job involved erecting high voltage wire towers requiring a change in job sites on an average of every 60 days. This involved commuting various distances

from plaintiff's home in Cedar Springs depending upon where the current job site was located. In July of 1972, plaintiff was working as a bulldozer operator at a job site near Standale, near his home. Two weeks prior to his accident, plaintiff was told by defendant to report to the Midland job site on July 28, 1972, to relieve a foreman who was going on vacation for two weeks. Defendant's intention was to use the two weeks as a trial period to determine whether plaintiff was capable of assuming the responsibilities of a foreman. If plaintiff was successful he would have been reassigned as a foreman in another location following completion of the Midland assignment. During one of his commuting trips home from Midland to Cedar Springs plaintiff's truck collided with a train.

The WCAB majority found that at the time of the accident plaintiff was on a special mission or errand for his employer and his injuries thus arose out of and in the course of his employment.

Defendant argues that this is no more than a case of an employee being injured on the way home from work and that the general rule that injuries sustained by an employee while commuting to or from work are not compensable applies. Defendant points out that when the accident occurred plaintiff had left the job site for the day, he was not paid any wage or mileage for the trip home, he was driving his own vehicle, he was not on any errand for his employer, and that it was plaintiff's own choice to commute to and from his home rather than taking up temporary residence near the job site.

Plaintiff argues that the "special mission" exception to the general rule of noncompensability of injuries incurred while commuting applies in this

case. He points out that he was on a temporary assignment primarily for the benefit of his employer.

*Stark v L E Myers Co,* 58 Mich App 439; 228 NW2d 411 (1975), *lv den* 394 Mich 814 (1975), is particularly applicable to the instant appeal; the facts are very similar and the defendant is the same. In *Stark* a panel of this Court found that an employee's injury did not arise out of his employment as it occurred while he was traveling to the job site from home. The panel found that none of the recognized exceptions to the rule of noncompensability for injuries sustained while traveling to and from work applied under the facts of that case. Most significantly, the panel held that the employer derived no special benefit from the fact that the employee regularly drove long distances to and from work and that "[m]ere miles traveled, standing alone, should never be the controlling fact in establishing the existence of excessive risk". *Stark, supra,* at 444.

The defendant contends, and the plaintiff almost concedes, that *Stark* is indistinguishable from the case at bar and that the decision of the WCAB must accordingly be reversed. The argument is interesting in light of our agreement with the holding in *Stark* and our conclusion that the WCAB must be affirmed.

As in *Stark,* the plaintiff's job site changed frequently, requiring that he either move with the job or travel changing distances and routes to and from work. Prior to plaintiff's accident in the case at bar he was living in Cedar Springs and working in Standale, the two places being relatively close in distance. Had plaintiff been involved in an accident on his way home from work in Standale, similar to the situation in *Stark,* it would be

difficult to imagine how it could be found that the injury was a circumstance of the employment. In the instant case, however, the plaintiff was ordered to report to the Midland job site to fill in for a vacationing foreman. The defendant needed a temporary replacement and also wanted to try out the plaintiff as a foreman, intending to promote him to that position if he performed adequately. This temporary assignment not only changed the nature of plaintiff's work but also required him to change the location of his job, necessitating substantially more traveling to and from work.

This change in nature and location of plaintiff's job represented a temporary, special assignment which plaintiff undertook; it was outside the normal performance of plaintiff's duties, and it clearly represented a special benefit to the defendant. Defendant needed a replacement foreman and it also needed to test employees for advancement. Plaintiff's commuting to and from the new, temporary job site was inherently a part of this special benefit to his employer. It was outside the scope of his regular duties in the performance of his work for the defendant. The fact that plaintiff's job site and commuting pattern alternated with some frequency in the normal course of his employment must be distinguished from the circumstances of this case. The same distinction was made by the WCAB majority:

"We have then a situation in which a good employee and only because he is a 'very good' employee is taken off a job well before the job and his normal term thereon is over and put in a temporary location (of a temporary nature entirely different from and beyond the inherent temporary nature of the work itself) to benefit defendant in two ways: to replace a vacationing foreman and to give defendant a view through a one-

way glass of his ability to function in the capacity of a foreman. Plaintiff's job was not that of roving foreman ready, willing and able to replace his fellows around the country. He was a bulldozer operator happily drawing the wages of a bulldozer operator near his home when defendant, for purposes entirely its own, chose to make him a two-week resident of a bell jar miles distant from his home. That, in the ordinary course of events, plaintiff, from Standale, could have been sent to a job site far from home is immaterial. The conduct of defendant took plaintiff out of the ordinary course of events, however erratic these may have turned out to be, and placed him at the point of peril. This is the salient fact which places the instant case without the confines of *Stark v L E Myers Co,* 58 Mich App 439 (1975)."

In traveling to and from Midland, it follows, plaintiff was on a "special mission" at the direction of and for the benefit of the defendant. Plaintiff's injury thus was a circumstance of his employment and compensable. See *Thomas v Certified Refrigeration, Inc,* 392 Mich 623; 221 NW2d 378 (1974), *Nemeth v Michigan Building Components,* 390 Mich 734; 213 NW2d 144 (1973). *Cf. Stockley v School District No 1 of Portage Township,* 231 Mich 523; 204 NW 715 (1925).

Affirmed.