20595

John W. GREGG, Appellant, v. DORCHESTER COUNTY SCHOOL SYSTEM, and State Workmen's Compensation Fund, Respondents.

(241 S. E. (2d) 554)

190

*Glenn, Porter and Sullivan,* of Columbia, *for Appellant,*

*Joseph A. Wilson, II,* of Columbia, *for Respondents,*

February 7, 1978.

LEWIS, Chief Justice:

This is an appeal by an employee from an order of the lower court affirming a decision of the Industrial Commission denying Workmen's Compensation benefits on the ground that the employee's injuries did not arise out of and in the course of his employment. The sole contention of the employee in the lower court and here is that his injuries

were rendered compensable under the so-called "special errand" doctrine. We affirm.

Ordinarily, an injury sustained by an employee while on his way to or from work and away from the premises of his employer does not arise out of and in the course of employment. Among the exceptions however, that have been recognized to the foregoing rule, is that known as the "special errand" doctrine. As pointed out by the lower court, the underlying basis of the "special errand" exception is that the general rule excluding off premises injuries during the journey to and from work should not apply if the making of the journey was a special mission on behalf of the employer or if the journey itself was a substantial part of the service for which the worker was employed. Our prior decisions have set forth the general definition and principles governing the application of the special errand rule and further elaboration here would serve no useful purpose. See: *Bickley v. S. C. Electric & Gas Company,* 259 S. C. 463, 192 S. E. (2d) 866; *McDonald v. E. I. DuPont De Nemours & Co.,* 223 S. C. 217, 74 S. E. (2d) 918; *Moore v. Family Service of Charleston County,* S. C. 237 S. E. (2d) 84.

The basic facts are not in dispute and are set forth in the Statement of the case, from which our review of them is largely taken.

Appellant, John W. Gregg, was employed as an assistant principal at Summerville High School in the Dorchester County School System. He lived in Orangeburg, South Carolina. However, during the school year he maintained an apartment in the City of Summerville where he resided during the school week and would then return to his home in Orangeburg on each Friday. On each Monday he would leave his Orangeburg residence and drive to Summerville to attend his duties at the school.

Appellant was one of four assistant principals at Summerville High School. He was instructed by the superintendent

of the school district to attend the extra curricular football games for the purpose of helping maintain order. When there were no extra curricular activities, his normal work day ended at 6:00 o'clock, p. m.; but, when he was requested to attend extra curricular events in the evening, he was expected to do so.

On Friday night, September 20, 1974, appellant, in accordance with the usual requirements of his employment, attended a football game in Summerville in which Summerville High School participated. It is conceded that appellant performed duties for the school in connection with the football game. When the game was over, appellant left the football stadium and proceeded, as was his custom on each Friday, along his usual route from Summerville to his residence in Orangeburg. In route to Orangeburg, about 10:30 p. m., a horse darted into the highway and crashed into appellant's automobile, causing him to sustain permanent and disabling injuries.

The evidence sustains the conclusion of the Industrial Commission that the special errand rule is inapplicable in this case. The occasion of the injuries to appellant was his trip from Summerville to Orangeburg. This was the normal trip taken by him on practically every Friday at the end of the school week and after the completion of the duties of his job. It was not required by his employment nor, in making it, was he performing any service for his employer.

The fact that appellant was required to perform duties at the football game did not render the trip to Orangeburg a special errand connected with his employment. Attendance at football games was a normal part of appellant's duties as assistant principal of the school and, in no manner, required the trip to Orangeburg. The trip was made solely because of appellant's election to return to Orangeburg each weekend, and not in the performance of any service for which he was employed.

The evidence sustains the findings of the Industrial Commission that the injuries to appellant did not arise out of and in the course of his employment, and are affirmed.

The case of *Bickley, supra,* relied upon by appellant is not controlling. The factual differences are apparent. In *Bickley,* the court pointed out that the employee there, at the specific request and order of his employer, was out in an emergency situation to perform service at a time and place other than those that were normal and customary to his employment. Such constituted a special mission incidental to his employment. On the contrary, in the present case, appellant was about his normal duties and was making his usual Friday evening trip to his home in Orangeburg.

The judgment is accordingly affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.