MARCOTTE v TAMARACK CITY VOLUNTEER FIRE
DEPARTMENT

Docket No. 61295. Submitted May 5, 1982, at Sault Ste. Marie.—
Decided September 2, 1982.

William F. Marcotte, a member of the Tamarack City Volunteer
Fire Department, was totally and permanently disabled as a
result of an automobile accident when the automobile in which
he was a passenger was struck head-on by another vehicle. The
accident occurred while Marcotte was on a direct route home
from the Copper Country Fireman's Tournament, an annual
event at which members of various fire departments in the
region are invited to participate in a business meeting, fire-
fighting equipment demonstration, fire fighters race, and social
events, with music and dancing. Marcotte petitioned for and
was awarded workers' compensation benefits, the hearing ref-
eree finding that Marcotte was totally and permanently dis-
abled and that his injuries arose out of and in the course of his
employment with the fire department. The Workers' Compensa-
tion Appeal Board reversed the decision of the hearing referee.
The Court of Appeals denied leave to appeal. The plaintiff
sought leave to appeal to the Michigan Supreme Court. The
Supreme Court, in lieu of granting leave to appeal, remanded
the case to the Court of Appeals for consideration as on leave
granted, 412 Mich 867 (1981). *Held:*

The WCAB did not err in denying compensation benefits to
the plaintiff. There was evidence to support the WCAB's factual
determinations that the tournament was akin to a convention
or an educational seminar and that plaintiff's attendance was
not compulsory, urged, expected, or even encouraged. Because
the findings had evidentiary support the Court of Appeals
should not disturb them. The WCAB applied the proper test for
determining whether Marcotte was entitled to compensation by
determining whether the employer directly benefited by the

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation §§ 550, 552, 616, 630,
631, 639.
[2] 82 Am Jur 2d, Workmen's Compensation § 547.
[3, 4] 82 Am Jur 2d, Workmen's Compensation §§ 250, 276, 284, 287.

employee's attendance and whether the claimant's attendance was compulsory or at least definitely urged or expected as opposed to merely encouraged. The WCAB correctly applied the law to the facts.

Affirmed.

1. WORKERS' COMPENSATION — FINDINGS OF FACT.

Findings of fact of the Workers' Compensation Appeal Board are conclusive in the absence of fraud and should be upheld if there is any evidence on the record to support them; review of all final decisions, findings, rulings, and orders of the WCAB should include a determination whether such final decisions, findings, rulings, and orders are authorized by law, and, in cases in which a hearing is required, whether the same are supported by competent, material, and substantial evidence on the whole record (Const 1963, art 6, § 28).

2. WORKERS' COMPENSATION — QUESTIONS OF LAW AND FACT.

The determination of whether an injury arises out of and in the course of employment for workers' compensation purposes may be a question of law, a question of fact, or a mixed question of law and fact.

3. WORKERS' COMPENSATION — CONVENTIONS AND TRADE EXPOSITIONS.

Compensability, where an injured employee seeks workers' compensation benefits for injuries suffered while attending a convention or trade exposition, turns on whether the employee's contract of employment contemplates attendance as an incident of his work and it is not enough that the employer would benefit indirectly through the employee's increased knowledge and experience.

4. WORKERS' COMPENSATION — CONVENTIONS AND TRADE EXPOSITIONS.

The general rule for determining eligibility for workers' compensation benefits for injuries arising out of the attendance at a convention or trade exposition consists of a two-part test: (1) was the employer directly benefited by the employee's attendance; and (2) was attendance compulsory or at least definitely urged or expected as opposed to merely encouraged.

*Wisti & Jaaskelainen, P.C.* (by *Gordon J. Jaaskelainen),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J.*

*Caruso,* Solicitor General, and *Joseph M. Binno,* Assistant Attorney General, for defendant.

Before: R. B. Burns, P.J., and J. H. Gillis and V. J. Brennan, JJ.

Per Curiam. Plaintiff appeals a decision of the Workers' Compensation Appeal Board (WCAB) which found that plaintiff's injuries did not arise out of and in the course of employment.

The parties agree that plaintiff was totally and permanently disabled as a result of an automobile accident which occurred when the automobile in which he was a passenger was struck head-on by another vehicle. The accident occurred at approximately 11:30 p.m. on June 9, 1974, while plaintiff was on a direct route home from the Copper Country Fireman's Tournament which was held in L'Anse, Baraga County.

Plaintiff was a member of the Tamarack City Volunteer Fire Department (department) in Osceola Township, Houghton County. The Copper Country Fireman's Tournament was an annual event at which members of various fire departments in the region and their families were invited to participate. The scheduled events on June 9, 1974, included a business meeting at approximately 11 a.m., a fire-fighting equipment demonstration at approximately 1 p.m., a fire-fighter's race, a parade at 7 p.m., and a social event with music and dancing. The business meeting involved a discussion of the latest fire-fighting and recruitment techniques and the presentation of information concerning new rules and regulations governing fire departments. The equipment demonstration was conducted by manufacturers of fire-fighting equipment. The purpose of the demonstration was to sell new equipment and also to provide

education concerning its use. The remaining activities were primarily social in nature. However, discussions and informal "bull sessions" invariably occurred among participants concerning the latest fire-fighting techniques. Plaintiff did not clearly recall the events of the day. He was unsure whether he attended the business meeting or marched in the parade, but was sure that he attended the equipment demonstration.

Plaintiff testified that although his department does not make it mandatory for members to attend, it is good for the department if 100% attendance is achieved. Members of the department are subject to questioning concerning their failure to attend. Plaintiff also testified that two delegates from the department were assigned to attend. Members of the department who chose to attend were not reimbursed for expenses incurred in attending the tournament and each person who desired to attend made his own arrangements concerning transportation.

Paul King, who was also a member of the department in 1973, testified that he attended the tournament as an appointed delegate of the department. Mr. King stated that there was no requirement that any member of the department attend the tournament. Although the department informs its members when such tournaments are being held and prefers a high turnout, the decision of whether to attend is completely voluntary, without any obligation being imposed by the department.

Melvin Schmidt, a member of the department for 17 years, testified that although the department had 25 members, only 5 attended the tournament in 1974. The only obligation to attend the tournament was self-imposed; there was no requirement that anyone attend.

There was also testimony that the department made a distinction between the Copper Country Tournament and the Upper Peninsula Tournament. A fund was established to finance those who attended the Upper Peninsula Tournament while those who attended the Copper Country Tournament were not reimbursed.

The hearing referee found that the plaintiff was totally and permanently disabled and that his injuries arose out of and in the course of his employment with the department.

The WCAB reversed the decision of the hearing referee:

"From the record, it cannot be said that plaintiff has carried his burden of showing that his attendance at the tournament was an 'incident' of his employment, or that his attendance was 'definitely urged', 'expected' or even 'encouraged'. Therefore, the decision of the administrative law judge must be reversed."

After this Court denied plaintiff's application for leave to appeal by an order entered on February 23, 1981, Docket No. 54229, plaintiff sought leave to appeal to the Supreme Court. In lieu of granting leave to appeal, the Supreme Court remanded the case to this Court for consideration as on leave granted, 412 Mich 867 (1981).

The sole question for our determination is whether the WCAB erred in denying compensation to the plaintiff.

The standard of review by this Court on appeals from the WCAB is set forth in Const 1963, art 6, § 28:

"Sec. 28. All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or

quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record. Findings of fact in workmen's compensation proceedings shall be conclusive in the absence of fraud unless otherwise provided by law."

See MCL 418.861; MSA 17.237(861), *Gibbs v General Motors Corp,* 114 Mich App 1; 318 NW2d 565 (1982). The findings of fact of the WCAB are conclusive if there is *any* evidence to support them. *Kostamo v Marquette Iron Co,* 405 Mich 105, 135-136; 274 NW2d 411 (1979). The determination of whether an injury arises out of and in the course of employment may be a question of law, a question of fact, or a mixed question of law and fact. *Koschay v Barnett Pontiac, Inc,* 386 Mich 223, 225; 191 NW2d 334 (1971).

Plaintiff's claim for compensation was based on MCL 418.161; MSA 17.237(161), which provided in part:

"Sec. 161. (1) An employee as used in this act shall mean:

"(a) Every person in the service of the state or of any county, city, township, village, or school district, under any appointment, or contract of hire, express or implied, oral or written.

\* \* \*

"Members of a volunteer fire department of a city, village, or township shall be deemed to be employees of the city, village, or township and entitled to all the benefits of this act when injured in the performance of their duties as members of the volunteer fire department and shall be deemed to be receiving the salary or wages from the village, city, or township as would

secure for the member of a volunteer fire department the maximum benefit provided under this act."

Despite plaintiff's claim to the contrary, the WCAB did not base its decision on a determination of whether the tournament was a social event or a business event. Furthermore, although the WCAB noted that some doubt existed concerning whether plaintiff attended the business meeting and the equipment demonstration, its decision did not rest on a resolution of that dispute. Rather, the WCAB opined that the tournament was akin to a convention or an educational seminar and adopted the test employed by Professor Larson in determining whether plaintiff's injuries arose out of and in the course of his employment as a volunteer fire fighter:

" 'Sec 27.31(c) Conventions and institutes

" 'As to the attending of conventions and trade expositions, compensability similarly turns on *whether claimant's contract of employment contemplated attendance as an incident of his work. It is not enough that the employer would benefit indirectly through the employee's increased knowledge and experience.*

\*   \*   \* .

" 'Employment connection may be supplied by varying degrees of employer encouragement or direction. The clearest case for coverage is that of a teacher who is directed to attend a teacher's institute. *It is also sufficient if attendance, although not compulsory, is 'definitely urged' or 'expected' but not if it is merely 'encouraged.'* Connections with the employment may also be bolstered by the showing of a specific employer benefit, as distinguished from a vague and general benefit \* \* \*.' 1A Larson's Workmen's Compensation Law, 1979, 5-292, 5-293—5-296." (Emphasis supplied by WCAB.)

The WCAB found that plaintiff's attendance was

not compulsory, urged, expected, or even encouraged. It is clear that there was evidence to support the factual determination of the WCAB. Although plaintiff testified that members of the department might be questioned if they failed to attend the tournament and that the fire chief expected members to attend, he could not say that the chief expected attendance at this particular event and admitted that any obligation to attend was self-imposed. Members who chose to attend made their own travel arrangements and paid their own expenses.

Since the findings have evidentiary support, this Court may not disturb them. *Kostamo v Marquette Iron Co, supra.* Therefore, the only issue before this Court is whether the WCAB erred in adopting the test set forth above. We find that there was no error on the part of the WCAB.

The general rule set forth in Larson's treatise and applied by the WCAB consists of a two-part test: (1) was the employer directly benefited by the employee's attendance; and (2) was attendance compulsory or at least definitely urged or expected as opposed to merely encouraged? This rule appears to be consistent with Michigan law.

In *Bush v Parmenter, Forsythe, Rude & Dethmers,* 413 Mich 444; 320 NW2d 858 (1982), where an attorney attended a seminar in another city and was fatally wounded on his return trip home after a seven- to eight-hour deviation within a few miles of his home, the Court recognized that an employer must bear the risk for one complete round trip when an employee is engaged in a trip of special benefit to the employer. In that case, the attorney, who was a partner of the law firm, was expected to participate in the seminar and all his expenses were paid by the law firm. His atten-

dance at the seminar was approved by the managing partners of the law firm. The Court found that the attorney was within the course of his employment while traveling to, attending, and returning from the seminar because the law firm encouraged its attorneys to attend the employment-related, educational seminars which, in effect, sent the attorney on a special mission. However, the Court denied compensation because the attorney deviated during his return trip to so great an extent and in such a manner involving risks unrelated to his business as to dwarf the business portion of the trip.

Also, in *Mann v Detroit Bd of Ed,* 266 Mich 271; 253 NW 294 (1934), where a school principal was killed in an automobile accident while on his way to attend a meeting of school principals at the University of Michigan, the Court granted compensation on the theory that attendance at the meeting of school principals would be of some benefit to the school system and it could also be of personal benefit to the principals who attended. Further, the principal attended the event during school time and the trip was approved by his school superintendent. Thus, we find that the rule contained in Larson's treatise and applied by the WCAB is consistent with Michigan case law.

Applying the two-part test to the instant case, the WCAB found that there was no evidence that plaintiff's attendance at the tournament was an "incident" of his employment, and that there was no special benefit to his employer but instead merely a general benefit, which is not sufficient. Also, the WCAB found that plaintiff was under no obligation to attend the tournament, his attendance was not definitely urged, expected, or even encouraged. There was no error on the part of the

WCAB in applying the test to the facts that it found. As previously stated, it is for the WCAB and not the Court of Appeals to act as trier of fact, weighing the credibility of the evidence and drawing reasonable inferences from the facts established. While the Court of Appeals may review questions of law, the findings of fact made by the WCAB, where supported by competent evidence on the record, may not be disturbed on appeal. *Teddy v Dep't of State Police,* 102 Mich App 412; 301 NW2d 876 (1980). Since we have found that there is evidence to support the WCAB's findings of fact and the WCAB correctly applied the law, we must affirm the denial of benefits to plaintiff.

Affirmed.