CAMBURN v NORTHWEST SCHOOL DISTRICT/JACKSON COMMUNITY
SCHOOLS (ON REMAND)

Docket No. 191268. Submitted November 20, 1996, at Detroit. Decided
December 6, 1996, at 9:05 A.M. Leave to appeal sought.

Connie M. Camburn, an employee of the Northwest School Dis-
trict/Jackson Community Schools, was injured in an automobile
accident while she was on her way to attend a seminar sponsored
by the intermediate school district encompassing her employer.
Camburn's no-fault insurance carrier, Auto Club Insurance Associa-
tion (ACIA), paid her wage-loss benefits, reimbursed mileage relating
to treatment for her injuries, and paid her medical expenses. ACIA,
as an intervening plaintiff, filed a petition for a hearing, seeking
reimbursement from the employer school district or its insurer,
claiming that Camburn's injuries arose out of and in the course of
her employment. The magistrate denied the request for reimburse-
ment, finding that the injuries did not arise out of and in the course
of Camburn's employment. ACIA appealed and the Worker's Com-
pensation Appellate Commission affirmed. The Court of Appeals,
HOLBROOK, JR., P.J., and MACKENZIE and SAWYER, JJ., denied ACIA's
application for leave to appeal in an order dated January 27, 1995
(Docket No. 180297). The Supreme Court, in lieu of granting leave
to appeal, remanded the matter to the Court of Appeals for consid-
eration as on leave granted. 450 Mich 920 (1995).

On remand, the Court of Appeals *held*:

1. The WCAC properly found that the magistrate correctly applied
the law to the facts as found. Even if the employer was directly
benefited by Camburn's intent to attend the seminar, substantial
evidence supports the magistrate's conclusion that attendance was
neither compulsory nor definitely urged or expected by the
employer. Instead, attendance was merely encouraged, and, as
such, was not an incident of employment. The injury did not arise
out of and in the course of Camburn's employment.

2. The magistrate also properly denied the petition on the basis
that injuries that occur while traveling to or coming from work are
not compensable and that none of the recognized exceptions to
this rule were applicable under the facts of this case.

Affirmed.

1. WORKER'S COMPENSATION — SEMINARS.

    The general rule for determining eligibility for worker's compensation benefits for injuries arising out of attendance at a seminar consists of a two-part test: was the employer directly benefited by the employee's attendance, and was attendance compulsory or at least definitely urged or expected as opposed to merely encouraged.

2. WORKER'S COMPENSATION — SEMINARS.

    Compensability, where an injured employee seeks worker's compensation benefits for injuries suffered while attending a seminar, turns on whether the employee's contract of employment contemplates attendance as an incident of the employment; it is not enough that the employer would benefit indirectly through the employee's increased knowledge and experience.

3. WORKER'S COMPENSATION — COURSE OF EMPLOYMENT — TRAVEL

    Injuries that occur while traveling to or coming from work generally are not compensable by worker's compensation; exceptions are recognized where the employee is on a special mission for the employer, the employer derives a special benefit from the employee's activity at the time of the injury, the employer paid for or furnished the employee transportation as part of the contract of employment, the travel comprised a dual purpose combining the employment-required business needs with the personal activity of the employee, the employment subjected the employee to excessive exposure to the common risk, and the travel took place as a result of a split-shift working schedule or employment requiring a similar irregular nonfixed working schedule.

*Evans, Pletkovic & Rhodes, P.C.* (by *William Nole Evans*), for Auto Club Insurance Association.

*Cox, Hodgman & Giarmarco* (by *Timothy J. Mullins*), for Northwest School District/Jackson Community Schools.

ON REMAND

Before: FITZGERALD, P.J., and CAVANAGH and N. J. LAMBROS,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

Per Curiam. Intervening plaintiff, Auto Club Insurance Association (ACIA), appeals the October 21, 1994, order of the Worker's Compensation Appellate Commission (WCAC), which affirmed the magistrate's decision that ACIA was not entitled to reimbursement from defendant's worker's compensation insurance carrier because plaintiff's injury did not arise out of and during the course of her employment. We affirm.

I

Plaintiff teaches for defendant school district. Plaintiff was injured in an automobile accident in October 1989 when she ran a stop sign on her way to a seminar sponsored by the intermediate school district. She sustained injuries that prevented her from working for the balance of the school year. Plaintiff's no-fault insurance carrier, intervenor ACIA, paid her wage-loss benefits, reimbursed mileage relating to treatment for her injuries, and covered her medical bills.

ACIA filed a petition for a hearing, seeking reimbursement from the school district or its insurer, claiming that plaintiff's injuries arose out of and in the course of her employment within the meaning of the Worker's Disability Compensation Act, MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.* At the hearing before the magistrate, plaintiff testified that the seminar was on cooperative learning and lasted three days, for which she was given paid leave by defendant. She testified that she intended to use what she learned for small group problem solving, especially for elementary math classes. She testified that she wished to attend the seminar because she had heard other teachers discuss it favorably. Although plaintiff

agreed that she was not required to attend the seminar, she testified that she felt her superiors expected teachers to engage in continuing education and that continuing education was a topic that came up during evaluations. Plaintiff testified that the seminar was held at the intermediate school district office, which was closer to plaintiff's home than the school at which she taught, although getting there required a different route. However, plaintiff never attended the seminar because the accident occurred on her way to the first session.

Plaintiff's immediate supervisor, principal Robert Badertscher, testified that attendance at seminars was not required of teachers. He did not request that plaintiff attend the seminar and did not encourage her to do so any more than he encouraged his teachers generally to avail themselves of such opportunities. He explained that the intermediate school district provided such seminars without cost to teachers in the county, and, so, neither plaintiff nor defendant paid for the privilege of plaintiff's attendance. He estimated that approximately one-third of the teachers at his school had attended such seminars. Although he testified that attending such seminars did not provide any tangible benefit to the school or the school district, he conceded that a teacher's participation in seminars might benefit the teacher's students. He also conceded that attending seminars would be noted in a teacher's evaluation.

The magistrate denied ACIA's request for reimbursement, finding that plaintiff's injuries did not arise out of and in the course of her employment. ACIA appealed, and in an opinion and order dated October 21, 1994, the WCAC affirmed. The WCAC held that the

magistrate properly based her analysis on this Court's opinion in *Marcotte v Tamarack City Volunteer Fire Dep't*, 120 Mich App 671; 327 NW2d 325 (1982), which quoted with approval from Professor Larson's treatise on worker's compensation law and, at 678, summarized the rule as follows:

> The general rule set forth in Larson's treatise and applied by the WCAB [Worker's Compensation Appeal Board] consists of a two-part test: (1) was the employer directly benefited by the employee's attendance; and (2) was attendance compulsory or at least definitely urged or expected as opposed to merely encouraged? This rule appears to be consistent with Michigan law.

The WCAC found that the magistrate properly applied *Marcotte* in this case:

> In the instant case, the magistrate as factfinder determined that the employer (school district) was not directly benefited by the employee's attendance at the seminar, based on the testimony of Principal Badertscher, who stated that although the students might benefit from plaintiff's attendance, the school would not. (Note again the Larson statement that "[i]t is not enough that the employer would benefit indirectly through the employee's increased knowledge.") The magistrate also found, based upon Mr. Badertscher's testimony, that plaintiff's attendance was not compulsory or at least definitely urged or expected, since he stated that he did not require attendance, he did not urge attendance, and that the only reason he asked plaintiff if she was interested in attending the seminar was because of his desire that "all employees be the best they could be."
>
> The magistrate's findings are supported by competent, material and substantial evidence on the whole record. MCL 418.861a(3) [MSA 17.237(861a)(3)]. Consequently, based on those findings, the standard established in *Marcotte, supra* [,] operates to establish that plaintiff's attendance at the seminar was not an incident of employment. This conclu-

sion is dispositive and requires the denial of plaintiff's claim.

The WCAC also affirmed the magistrate's alternative analysis, that even if attendance at the seminar had been an incident of employment, plaintiff would still not be entitled to benefits because of the general rule that travel to and from work is not compensable and because plaintiff fit none of the exceptions to that rule.

> *Stark* [v *L E Myers Co*, 58 Mich App 439, 443; 228 NW2d 411 (1975)] established four tests, and the magistrate found that none of these tests had been met by plaintiff. As to the first test, the magistrate found, and it was undisputed, that the employer did not pay for or furnish the employee's transportation. As to the second test, the magistrate found, and it was undisputed, that plaintiff's working hours would have begun when and if she had arrived at the seminar, and therefore the injury did not occur during or between working hours. As to the third test, the magistrate found that the employer did not derive a special benefit from the employee's activity at the time of the injury (the fact that plaintiff was in the process of driving). As to the last test, the magistrate found that plaintiff was not subjected to excessive exposure to traffic risks, because the seminar was being held at a site closer to plaintiff's home than her normal school building.

This Court denied ACIA's application for leave to appeal in an order dated January 27, 1995 (Docket No. 180297). ACIA applied to the Supreme Court for leave to appeal. In lieu of granting leave, the Supreme Court remanded to this Court for consideration as on leave granted. 450 Mich 920 (1995).

II

The WCAC must consider the magistrate's findings of fact conclusive if they are supported by competent, material, and substantial evidence on the whole record. Substantial evidence is evidence that a reasonable person would accept as adequate to justify a conclusion. This Court's review of a decision by the WCAC is limited. In the absence of fraud, findings of fact made by the WCAC acting within its powers shall be conclusive. This Court may review questions of law involved with any final order of the WCAC. MCL 418.861a(3), (14); MSA 17.237(861a)(3), (14); *Holden v Ford Motor Co*, 439 Mich 257; 484 NW2d 227 (1992).

In *Marcotte, supra* at 677, this Court quoted with approval from § 27.31(c) of Professor Larson's treatise, which now states in pertinent part:

> As to the attending of conventions, institutes, seminars, and trade expositions, compensability similarly turns on whether claimant's contract of employment contemplated attendance as an incident of his work. It is not enough that the employer would benefit indirectly through the employee's increased knowledge and experience. . . .
>
> Employment connection may be supplied by varying degrees of employer encouragement or direction. The clearest case for coverage is that of a teacher who is directed to attend a teacher's institute. It is also sufficient if attendance, although not compulsory, is "definitely urged" or "expected," but not if it is merely "encouraged." Connection with the employment may also be bolstered by the showing of a specific employer benefit, as distinguished from a vague and general benefit, as when the attendance of an automobile mechanic at an examination given by the manufacturer permitted the dealer to advertise "factory-trained mechanic." [1A Larson, Workmen's Compensation, pp 5-397 to 5-403.]

We note that in § 27.31(a) of his treatise Professor Larson summarizes a similar rule in cases when an employee is injured while undertaking educational or training programs to enhance the employee's own work proficiency.

We agree with the WCAC that the magistrate properly applied the law to the facts as found. Even if defendant was directly benefited by plaintiff's intent to attend the seminar, substantial evidence supports the magistrate's conclusion that attendance was neither compulsory nor definitely urged or expected. Instead, it was merely encouraged, and, as such, was not an incident of employment. Therefore, plaintiff's injury did not arise out of and in the course of her employment.

We also agree that the magistrate properly denied ACIA's petition on the basis of her alternative analysis. The general rule is that injuries that occur while traveling to or coming from work are not compensable. However, a number of exceptions have been recognized where (1) the employee is on a special mission for the employer, (2) the employer derives a special benefit from the employee's activity at the time of the injury, (3) the employer paid for or furnished the employee transportation as part of the contract of employment, (4) the travel comprised a dual purpose combining the employment-required business needs with the personal activity of the employee; (5) the employment subjected the employee "to excessive exposure to the common risk," such as traffic risks faced by a truck driver on the way to his rig, and (6) the travel took place as the result of a split-shift working schedule or employment requiring a similar irregular nonfixed working schedule. *Bush v Par-*

*menter, Forsythe, Rude & Dethmers,* 413 Mich 444, 452, n 6; 320 NW2d 858 (1982).

Although plaintiff argues that she was on a special mission for her employer, the magistrate's findings support a contrary conclusion. The magistrate found defendant was not directly benefited by plaintiff's attendance at the seminar and that the attendance was neither compulsory nor definitely expected. Moreover, even if plaintiff's attendance at the seminar had been an incident of employment, her injury on the way to the seminar would not be compensable. In *Bush, supra* at 452, the Supreme Court quoted with approval the following from Professor Larson's treatise:

> "When an employee, having identifiable time and space limits on his employment, makes an off-premises journey which would normally not be covered under the usual going and coming rule, the journey may be brought within the course of employment by the fact that the trouble and time of making the journey, or the special inconvenience, hazard, or urgency of making it in the particular circumstances, is itself sufficiently substantial to be viewed as an integral part of the service itself." 1 Larson, Workmen's Compensation Law, § 16.10, p 4-123.

In the instant case, plaintiff's off-premises journey was not an integral portion of the "special mission" she is assumed to be on for purposes of this alternative argument. Plaintiff testified that the trip to the seminar was approximately the same length as the trip to her normal worksite, albeit over a different route. Therefore, even if plaintiff's attendance at the seminar is considered to be the functional equivalent of being at work, plaintiff's injury occurred while she

was on the way to work and therefore is not compensable.

Affirmed.