CAMBURN v NORTHWEST SCHOOL DISTRICT (AFTER REMAND)

Docket No. 108080. Argued October 8, 1998 (Calendar No. 15). Decided April 21, 1999.

Connie M. Camburn, a teacher employed by the Northwest School District, was injured in an automobile accident while driving to a seminar sponsored by the Jackson Community Schools intermediate school district. The Automobile Club of Michigan, her no-fault insurer, paid wage-loss and medical benefits. It later sought reimbursement from the school district or its insurer, claiming that the plaintiff's injuries arose out of her employment in that she was on a special mission for her employer when she was injured. A worker's compensation magistrate denied reimbursement. The Worker's Compensation Appellate Commission affirmed. The Court of Appeals, FITZGERALD, P.J., and CAVANAGH and N. J. LAMBROS, JJ., on remand, affirmed in an opinion per curiam. 220 Mich App 358 (1996) (Docket No. 191268). The Automobile Club appeals.

In an opinion per curiam, signed by Chief Justice WEAVER, and Justices TAYLOR, CORRIGAN, and YOUNG, the Supreme Court *held*:

The plaintiff's injury did not arise out of and during the course of her employment.

1. The magistrate properly applied the law to the facts. Even if the defendant was directly benefited by the plaintiff's intent to attend the seminar, substantial evidence supports the magistrate's conclusion that attendance was neither compulsory nor definitely urged or expected. Instead, it was merely encouraged and, thus, was not an incident of employment. Therefore, the plaintiff's injury did not arise out of and in the course of her employment.

2. The magistrate also properly denied ACIA's petition on the basis of her alternative analysis. Generally injuries that occur while traveling to or coming from work are not compensable, unless the employee is on a special mission for the employer, the employer derives a special benefit from the employee's activity at the time of the injury, the employer paid for or furnished the employee transportation as part of the contract of employment, the travel comprised a dual purpose combining the employment-required business needs with the personal activity of the employee, the employment subjected the employee to excessive exposure to the common risk,

such as traffic risks faced by a truck driver on the way to his rig, and the travel took place as the result of a split-shift working schedule or employment requiring a similar irregular nonfixed working schedule. The magistrate found that the defendant was not directly benefited by the plaintiff's attendance at the seminar, and that the attendance was neither compulsory nor definitely expected. Moreover, even if plaintiff's attendance at the seminar had been an incident of employment, her injury on the way to the seminar would not be compensable.

Justice CAVANAGH, joined by Justices BRICKLEY and KELLY, concurring in the result, stated that this case does not fall within the special mission exception to the general rule that injuries incurred while traveling to and from work are not compensable under Michigan worker's compensation law. The plaintiff's journey was not made at the request, direction, instruction, or requirement of her employer. Thus, she was not on a special mission and denial of benefits was proper.

Generally, injuries sustained while going to and from work are not compensable. One recognized exception is the "special mission" or "special errand" doctrine. Implicit in the doctrine is the notion that an employee must embark on a journey at the request, direction, instruction, or requirement of the employer. When this occurs, the employee is deemed to be in the course of employment because the employee is engaged in the direct performance of duties assigned by the employer. The employee remains within the scope of employment from the moment of leaving home or work until a return either to the regular employment premises or home.

In this case, there was nothing more than mere encouragement on the part of the school. The plaintiff did not testify that she was requested, directed, instructed, or required to attend the seminar. In addition, the magistrate did not find that she was compelled in any way to attend. The facts provided that the seminar was available to her if she chose to attend, and that she was encouraged to do so. The off-premises journey was not a special mission. The plaintiff's attendance was not compulsory, and there was nothing more than mere encouragement on the part of the school.

Whether an employee should be granted worker's compensation benefits when injured while on a "special mission" for an employer was the sole issue on appeal. However, the majority has opted to adopt the Court of Appeals opinion, which fails to provide a thorough analysis of the issue.

Affirmed.

*Evans, Pletkovic & Rhodes, P.C.* (by *Jane S. Colombo* and *William Nole Evans*), for the intervening plaintiff-appellant.

*Cox, Hodgman & Giarmarco* (by *Timothy J. Mullins* and *Thomas H. Walters*) for the defendant-appellee.

AFTER REMAND

PER CURIAM. In this worker's compensation case, the Court of Appeals affirmed a determination that the plaintiff's injury did not arise out of and during the course of her employment. 220 Mich App 358; 559 NW2d 370 (1996). We likewise affirm. MCR 7.302(F)(1). In doing so, we adopt as our own the following opinion of the Court of Appeals.[1]

Intervening plaintiff, Auto Club Insurance Association (ACIA), appeals the October 21, 1994, order of the Worker's Compensation Appellate Commission (WCAC), which affirmed the magistrate's decision that ACIA was not entitled

---

[1] The concurring opinion faults the majority because by adopting the Court of Appeals opinion we deal with this case as turning on the scope of employment issue, in particular whether the event plaintiff was attending was within the scope of her employment. Yet the reason we do so is because, unless plaintiff was within the scope of her employment, then she cannot be engaged in a special mission. Simply stated, a determination of the scope of employment issue is a condition precedent to a determination of the special mission exception. Because plaintiff's case falters on the scope of employment issue, there is no need to reach the special mission exception.

The concurring opinion also suggests that we granted leave to appeal in this case solely to consider the special mission exception. We disagree. First, our order granting leave to appeal did not so specify. Second, neither the magistrate, the WCAC, the Court of Appeals, nor the parties have treated the special mission exception as the exclusive issue in this case. Finally, it is simply more logical to first analyze the scope of employment issue because, as indicated previously, if the event plaintiff was attending was not in the scope of her employment, then there is no need to consider whether plaintiff was engaged in a special mission.

to reimbursement from defendant's worker's compensation insurance carrier because plaintiff's injury did not arise out of and during the course of her employment. We affirm.

I

Plaintiff teaches for defendant school district. Plaintiff was injured in an automobile accident in October 1989 when she ran a stop sign on her way to a seminar sponsored by the intermediate school district. She sustained injuries that prevented her from working for the balance of the school year. Plaintiff's no-fault insurance carrier, intervenor ACIA, paid her wage-loss benefits, reimbursed mileage relating to treatment for her injuries, and covered her medical bills.

ACIA filed a petition for hearing, seeking reimbursement from the school district or its insurer, claiming that plaintiff's injuries arose out of and in the course of her employment within the meaning of the Worker's Disability Compensation Act, MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.* At the hearing before the magistrate, plaintiff testified that the seminar was on cooperative learning and lasted three days, for which she was given paid leave by defendant. She testified that she intended to use what she learned for small group problem solving, especially for elementary math classes. She testified that she wished to attend the seminar because she had heard other teachers discuss it favorably. Although plaintiff agreed that she was not required to attend the seminar, she testified that she felt her superiors expected teachers to engage in continuing education and that continuing education was a topic that came up during evaluations. Plaintiff testified that the seminar was held at the intermediate school district office, which was closer to plaintiff's home than the school at which she taught, although getting there required a different route. However, plaintiff never attended the seminar because the accident occurred on her way to the first session.

Plaintiff's immediate supervisor, principal Robert Badertscher, testified that attendance at seminars was not required of teachers. He did not request that plaintiff attend the seminar and did not encourage her to do so any more

than he encouraged his teachers generally to avail themselves of such opportunities. He explained that the intermediate school district provided such seminars without cost to teachers in the county, and, so, neither plaintiff nor defendant paid for the privilege of plaintiff's attendance. He estimated that approximately one-third of the teachers at his school had attended such seminars. Although he testified that attending such seminars did not provide any tangible benefit to the school or the school district, he conceded that a teacher's participation in seminars might benefit the teacher's students. He also conceded that attending seminars would be noted in a teacher's evaluation.

The magistrate denied ACIA's request for reimbursement, finding that plaintiff's injuries did not arise out of and in the course of her employment. ACIA appealed, and in an opinion and order dated October 21, 1994, the WCAC affirmed. [1994 Mich ACO 2376.] The WCAC held that the magistrate properly based her analysis on [the Court of Appeals] opinion in *Marcotte v Tamarack City Volunteer Fire Dep't*, 120 Mich App 671; 327 NW2d 325 (1982), which quoted with approval from Professor Larson's treatise on worker's compensation law and, at 678, summarized the rule as follows:

> The general rule set forth in Larson's treatise and applied by the WCAB [Worker's Compensation Appeal Board] consists of a two-part test: (1) was the employer directly benefited by the employee's attendance; and (2) was attendance compulsory or at least definitely urged or expected as opposed to merely encouraged? This rule appears to be consistent with Michigan law. [1994 Mich ACO 2378.]

The WCAC found that the magistrate properly applied *Marcotte* in this case:

> In the instant case, the magistrate as factfinder determined that the employer (school district) was not directly benefited by the employee's attendance at the seminar, based on the testimony of Principal Badertscher, who stated that although the students might benefit from plaintiff's attendance, the school would not. (Note again the Larson statement that "[i]t

is not enough that the employer would benefit indirectly through the employee's increased knowledge.") The magistrate also found, based upon Mr. Badertscher's testimony, that plaintiff's attendance was not compulsory or at least definitely urged or expected, since he stated that he did not require attendance, he did not urge attendance, and that the only reason he asked plaintiff if she was interested in attending the seminar was because of his desire that "all employees be the best they could be."

The magistrate's findings are supported by competent, material and substantial evidence on the whole record. MCL 418.861a(3)    [MSA 17.237(861a)(3)]. Consequently, based on those findings, the standard established in *Marcotte, supra,* operates to establish that plaintiff's attendance at the seminar was not an incident of employment. This conclusion is dispositive and requires the denial of plaintiff's claim. [1994 Mich ACO 2379.]

The WCAC also affirmed the magistrate's alternative analysis, that even if attendance at the seminar had been an incident of employment, plaintiff would still not be entitled to benefits because of the general rule that travel to and from work is not compensable and because plaintiff fit none of the exceptions to that rule.

*Stark* [v *L E Myers Co,* 58 Mich App 439, 443; 228 NW2d 411 (1975)] established four tests, and the magistrate found that none of these tests had been met by plaintiff. As to the first test, the magistrate found, and it was undisputed, that the employer did not pay for or furnish the employee's transportation. As to the second test, the magistrate found, and it was undisputed, that plaintiff's working hours would have begun when and if she had arrived at the seminar, and therefore the injury did not occur during or between working hours. As to the third test, the magistrate found that the employer did not derive a special benefit from the employee's activity at the time of the injury (the fact that plaintiff was in the process of

driving). As to the last test, the magistrate found that plaintiff was not subjected to excessive exposure to traffic risks, because the seminar was being held at a site closer to plaintiff's home than her normal school building. [1994 Mich ACO 2379-2380.]

[The Court of Appeals] denied ACIA's application for leave to appeal in an order dated January 27, 1995 (Docket No. 180297). ACIA applied to the Supreme Court for leave to appeal. In lieu of granting leave, the Supreme Court remanded to [the Court of Appeals] for consideration as on leave granted. 450 Mich 920 (1995).

II

The WCAC must consider the magistrate's findings of fact conclusive if they are supported by competent, material, and substantial evidence on the whole record. Substantial evidence is evidence that a reasonable person would accept as adequate to justify a conclusion. This Court's review of a decision by the WCAC is limited. In the absence of fraud, findings of fact made by the WCAC acting within its powers shall be conclusive. This Court may review questions of law involved with any final order of the WCAC. MCL 418.861a(3), (14); MSA 17.237(861a)(3), (14); *Holden v Ford Motor Co*, 439 Mich 257; 484 NW2d 227 (1992).

In *Marcotte, supra* at 677, [the Court of Appeals] quoted with approval from § 27.31(c) of Professor Larson's treatise which now states in pertinent part:

As to the attending of conventions, institutes, seminars, and trade expositions, compensability similarly turns on whether claimant's contract of employment contemplated attendance as an incident of his work. It is not enough that the employer would benefit indirectly through the employee's increased knowledge and experience. . . .

Employment connection may be supplied by varying degrees of employer encouragement or direction. The clearest case for coverage is that of a teacher who is directed to attend a teacher's institute. It is also sufficient if attendance, although not compulsory, is "definitely urged" or "expected," but not if it

is merely "encouraged." Connection with the employment may also be bolstered by the showing of a specific employer benefit, as distinguished from a vague and general benefit, as when the attendance of an automobile mechanic at an examination given by the manufacturer permitted the dealer to advertise "factory-trained mechanic." [1A Larson, Workmen's Compensation Law, pp 5-397 to 5-403.]

We note that in § 27.31(a) in his treatise Professor Larson summarizes a similar rule in cases when an employee is injured while undertaking educational or training programs to enhance the employee's own work proficiency.

We agree with the WCAC that the magistrate properly applied the law to the facts as found. Even if defendant was directly benefited by plaintiff's intent to attend the seminar, substantial evidence supports the magistrate's conclusion that attendance was neither compulsory nor definitely urged or expected. Instead, it was merely encouraged, and, as such, was not an incident of employment. Therefore, plaintiff's injury did not arise out of and in the course of her employment.

We also agree that the magistrate properly denied ACIA's petition on the basis of her alternative analysis. The general rule is that injuries that occur while traveling to or coming from work are not compensable. However, a number of exceptions have been recognized where (1) the employee is on a special mission for the employer, (2) the employer derives a special benefit from the employee's activity at the time of the injury, (3) the employer paid for or furnished the employee transportation as part of the contract of employment, (4) the travel comprised a dual purpose combining the employment-required business needs with the personal activity of the employee, (5) the employment subjected the employee "to excessive exposure to the common risk," such as traffic risks faced by a truck driver on the way to his rig, and (6) the travel took place as the result of a split-shift working schedule or employment requiring a similar irregular nonfixed working schedule. *Bush v Parmenter, Forsythe, Rude & Dethmers*, 413 Mich 444, 452, n 6; 320 NW2d 858 (1982).

Although plaintiff argues that she was on a special mission for her employer, the magistrate's findings support a contrary conclusion. The magistrate found defendant was not directly benefited by plaintiff's attendance at the seminar and that the attendance was neither compulsory nor definitely expected. Moreover, even if plaintiff's attendance at the seminar had been an incident of employment, her injury on the way to the seminar would not be compensable. In *Bush, supra* at 452, the Supreme Court quoted with approval the following from Professor Larson's treatise:

> "When an employee, having identifiable time and space limits on his employment, makes an off-premises journey which would normally not be covered under the usual going and coming rule, the journey may be brought within the course of employment by the fact that the trouble and time of making the journey, or the special inconvenience, hazard, or urgency of making it in the particular circumstances, is itself sufficiently substantial to be viewed as an integral part of the service itself." 1 Larson, Workmen's Compensation Law, § 16.10, p 4-123.

In the instant case, plaintiff's off-premises journey was not an integral portion of the "special mission" she is assumed to be on for purposes of this alternative argument. Plaintiff testified that the trip to the seminar was approximately the same length as the trip to her normal worksite, albeit over a different route. Therefore, even if plaintiff's attendance at the seminar is considered to be the functional equivalent of being at work, plaintiff's injury occurred while she was on the way to work and therefore is not compensable.

Affirmed.

WEAVER, C.J., and TAYLOR, CORRIGAN, and YOUNG, JJ., concurred.

CAVANAGH, J. (*concurring*). I concur in the result. In this case, appellant requested that this Court answer whether an employee should be granted worker's

compensation benefits when she was injured while on a "special mission" for her employer. This was the sole issue on appeal. In our selection process, we chose to grant leave to appeal in this particular case in order to answer that question and to clarify the rule of law in this area. However, the majority has instead opted to carbon copy the Court of Appeals opinion, which fails to provide a thorough analysis of the issue at hand. I write separately to provide such analysis.

I would hold that this case does not fall within the "special mission" exception to the general rule that injuries incurred while traveling to and from work are not compensable under Michigan worker's compensation law.

I

Whether plaintiff was on a "special mission" for her employer while driving to a work-related seminar is a question of law that this Court may resolve without infringing on the fact-finding jurisdiction of the magistrate. MCL 418.861a(14); MSA 17.237(861a)(14); *Bush v Parmenter, Forsythe, Rude & Dethmers*, 413 Mich 444, 460; 320 NW2d 858 (1982).

The Worker's Disability Compensation Act provides that an employee who receives an injury "arising out of and in the course of employment" shall be paid compensation as provided in the act. MCL 418.301(1); MSA 17.237(301)(1). The general rule recognized in Michigan is that injuries sustained while going to and from work are not compensable. *Thomas v Certified Refrigeration, Inc*, 392 Mich 623, 631, n 3; 221 NW2d 378 (1974). As noted by the majority, there are numerous exceptions to this general rule. One recog-

nized exception is the "special mission" or "special errand" doctrine. Michigan has long recognized the exception,[1] but has had few occasions to review the doctrine itself. Auto Club asks us to hold that the facts of this case qualify for the "special mission" exception.

II

The "special mission" exception is judicially created. The theory is that while traveling en route to or from a "special mission," the employee is actually in the performance of duties for the employer. Therefore, an injury then sustained arises "out of and in the course of" employment. The effect is to take an employee on a special mission out of the confines of the general rule. Professor Larson stated that the "special errand" or "special mission" doctrine provides:

> When an employee, having identifiable time and space limits on the employment, makes an off-premises journey which would normally not be covered under the usual going and coming rule, the journey may be brought within the course of employment by the fact that the trouble and time of making the journey, or the special inconvenience, hazard, or urgency of making it in the particular circumstances, is itself sufficiently substantial to be viewed as an integral part of the service itself. [1 Larson, Workmen's Compensation Law, § 16.11, pp 4-201 to 4-202.]

Implicit in this definition is the notion that the employee must embark on the journey at the request, direction, instruction, or requirement of his employer. An alternative reading would allow recovery of

---

[1] *Stockley v Portage Twp School Dist No 1*, 231 Mich 523, 531; 204 NW 715 (1925).

worker's compensation benefits when an employee is injured on a journey of a wholly personal nature. An overview of Michigan case law, and of other jurisdictions, reveals that this reading is consistent with "special mission" jurisprudence.

This Court has held that the "special mission" exception applies in a situation where a teacher was "instructed" to attend an institute and was subjected to "hazards of travel." *Stockley v Portage Twp School Dist No 1*, 231 Mich 523, 530-531; 204 NW 715 (1925). In *Le Vasseur v Allen Electric Co*, 338 Mich 121, 122-123; 61 NW2d 93 (1953), a special mission in the "interest and at the direction of his employer" was found when an employee was called at home by his employer and "requested" to hook up a cable at the high school. Similarly, the Court of Appeals has held that an employee is on a special mission "at the direction of and for the benefit" of his employer when he is "ordered" to report to a different job site. *Ream v L E Myers Co*, 72 Mich App 238, 242-243; 249 NW2d 372 (1976).

On review of other jurisdictions, a common thread appearing is that the employee is usually injured while performing some special act, assignment, mission, or errand *at the direction or instruction of the employer*.[2]

---

[2] See *Stephens by Stephens v Maxima Corp*, 774 SW2d 931, 934 (Tenn, 1989) (employee was not performing a special errand because the employer had not "instructed, directed, required or even suggested" that the employee return home to retrieve the needed forms that day); *Drake v Utah Industrial Comm*, 317 Utah Adv Rep 3, ___; 939 P2d 177, 183 (1997) (an employee should show that the activity was undertaken for the benefit and "under the direction" of the employer as evidence of a special mission); *Schreifer v Industrial Accident Comm*, 61 Cal 2d 289, 290; 391 P2d 832 (1964) (a response to a superior's instructions "to report for duty 'as soon as possible'" at a time not within his scheduled duty hours was a

Professor Larson also provides that "[w]hen any person in authority directs an employee to run some private errand or do some work outside his normal duties for the private benefit of the employer or superior, an injury in the course of that work is compensable." 2 Larson, Workmen's Compensation Law, § 27.41, p 5-447. The focus of the "special mission" inquiry must be on whether the employee was in some way directed to make the journey that is claimed to be a special mission. Thus, when an employee is requested, directed, instructed, or required by the employer to be away from the place of employment, the employee is deemed to be in the course of employment because the employee is engaged in the direct performance of duties assigned by the employer. The employee remains within the scope of employment from the moment the employee leaves home or work until he returns either to the regular premises or to the employee's home.

III

The majority applied Larson's definition as an alternative analysis in determining that Ms. Camburn was

special mission); *Harbin v Jamestown Village Joint Venture,* 16 Va App 190, 196; 428 SE2d 754 (1993) (the special errand exception applies when an employee is "required by the employer" to be away from the employer's place of employment); *Gregg v Dorchester Co School System,* 270 SC 189, 193; 241 SE2d 554 (1978) (the special errand doctrine was inapplicable when a school principal was not "required" to attend a football game, and his trip home was not part of any service for his employer); *Cook v Wickson Trucking Co, Inc,* 135 NH 150, 155; 600 A2d 918 (1991) (a "special employment errand normally arises '[w]hen any person in authority directs an employee to run some private errand or do some work outside his normal duties' "); *Barnes v Children's Hosp,* 109 Md App 543, 562; 675 A2d 558 (1996) (an employee's trip to her workplace at the "request" of her employer on a day when she normally was not scheduled to work was a special mission).

not on a special mission. However, the analysis is incomplete.

Although the magistrate did not base her holding on the special mission doctrine, her factual findings are sufficient for this analysis. The magistrate found that Ms. Camburn's "attendance was not compulsory or at least definitely urged or expected . . . ." There is nothing more than mere encouragement on the part of the school. Ms. Camburn did not testify that she was requested, directed, instructed, or required to attend the seminar. In addition, the magistrate did not find that Ms. Camburn was compelled in any way to attend. The facts provided that the seminar was available to her if she chose to attend, and that she was encouraged to attend the seminar.

Auto Club relies on *Bush v Parmenter, supra,* for the proposition that employer encouragement to attend a work-related seminar transforms an ordinary journey into a "special mission." This reliance is misplaced. In *Bush,* an attorney traveled forty miles to attend a probate seminar in another city. *Id.* at 446. After the seminar, he went bar hopping and then to a late night dinner before he began his journey home. *Id.* at 447-448. The attorney was shot and killed while en route home. *Id.* at 448. The sole issue in *Bush* was whether the attorney's deviation was so extensive that the business character of the trip was dissolved. *Id.* at 450. It was uncontested that the attorney was on a special mission. The opinion discussed the special mission in dicta as a prelude to the discussion of the issue. *Id.* Thus, Auto Club cannot rely on *Bush* as a rule of law regarding the special mission exception. Furthermore, the instant case is distinguishable on its

facts. In *Bush*, a partner in the firm testified that every attorney in the firm was expected to attend continuing legal education seminars and that it was the practice of the firm to pay for the entire expense involved, including furnishing a car. *Id.* at 450-451, n 5. In this case, no such distinguishing circumstances were found to exist by the magistrate.

IV

Nothing in this factual situation brings plaintiff's journey into the "special mission" exception to the general rule that injuries incurred while traveling to and from work are not compensable under the Worker's Disability Compensation Act. Because the plaintiff's journey was not made at the request, direction, instruction, or requirement of the employer, she was not on a "special mission." Accordingly, I would affirm the lower courts' denial of benefits on this basis.

BRICKLEY and KELLY, JJ., concurred with CAVANAGH, J.