MICHALSKI *v.* CENTRAL WINDOW CLEANING CO.

1. WORKMEN'S COMPENSATION—NEGLIGENCE—WILFUL MISCONDUCT.
   Mere negligence of an employee, however great, is not wilful misconduct so as to bar recovery of workmen's compensation (2 Comp. Laws 1929, § 8418).

2. SAME—WILFUL MISCONDUCT—WINDOW WASHER—SAFETY BELT.
   Deceased employee who was sent to wash windows of ninth floor of a building where there were safety belt hooks and also windows on the floors above where there were no such hooks, who commenced washing windows on the ninth floor without using a safety belt against the suggestion of a fellow employee and in violation of instructions which were not strictly enforced, *held*, not guilty of wilful misconduct barring recovery by widow as his sole dependent (2 Comp. Laws 1929, § 8418).

Appeal from Department of Labor and Industry. Submitted January 16, 1940. (Docket No. 140, Calendar No. 40,672.) Decided March 15, 1940.

Stefania Stella Michalski presented her claim for compensation against Central Window Cleaning

Company, employer, and State Accident Fund, insurer, for death of her husband. Award to plaintiff. Defendants appeal. Affirmed.

*Nicholas S. Gronkowski* and *Con S. Gryczka,* for plaintiff.

*Harry H. Mead (Miller, Bevan, Horwitz & Des Roches,* of counsel), for defendants.

Wiest, J. Chester Michalski was a window washer in the employ of defendant Central Window Cleaning Company in the city of Detroit. The morning of July 1, 1938, while washing a window on the ninth floor of the Detroit Savings Bank Building, he fell and was fatally injured. The window was equipped with safety belt hooks and Mr. Michalski was furnished with a belt and was under instructions, in such a case, to use it. He did not use the belt. A fellow window washer testified that he said to Mr. Michalski, "'Here is belt," and he replied, "'No, never mind, I don't want belt.' Start to holler, 'Help,' " and fell.

Plaintiff, the widow of the deceased, applied for and was awarded compensation as sole dependent. Defendants, by appeal in the nature of certiorari, contend that the employee was guilty of intentional and wilful misconduct barring recovery by plaintiff, citing 2 Comp. Laws 1929, § 8418 (Stat. Ann. § 17.152), which provides:

"If the employee is injured by reason of his intentional and wilful misconduct, he shall not receive compensation under the provisions of this act."

The department in an opinion stated:

"Plaintiff admits that such action on the part of the deceased was in violation of the instructions

given by his employer and against the suggestion of his fellow-employee, yet claims that such action constituted mere gross negligence and not wilful and wanton misconduct. * * * In the instant case, the rule of the employer, requiring that a safety belt be used when washing windows on the outside, was not strictly enforced. Both the employees and the employer himself, over a period of years, had repeatedly violated the rule. As a matter of expediency, when windows were washed on the outside of those buildings where there were no hooks to which safety belts could be attached, the rule for the use of such safety appliances was not observed. * * *

"Under these circumstances, in our opinion, the acts of the deceased herein described, though possibly constituting gross negligence on his part, yet are not sufficient as a matter of law to constitute wilful and wanton misconduct."

In *Fortin* v. *Beaver Coal Co.*, 217 Mich. 508 (23 A. L. R. 1153), a compensation case, we said:

"The authorities seem to be agreed that mere negligence, however great, is not wilful misconduct."

The deceased was sent to wash windows on the ninth floor of the building where there were safety belt hooks, and also windows on the floors above where there were no such hooks. He commenced washing windows on the ninth floor.

Under the facts as found by the department, the award is affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred.