CHRYSLER v. BLUE ARROW TRANSPORT LINES.

1. WORKMEN'S COMPENSATION—ACCIDENT ARISING OUT OF AND IN COURSE OF EMPLOYMENT—TRAVELING TO AND FROM WORK.

   Test in determining whether or not accident, occurring while employee was traveling to or from his place of employment, arose out of and in the course of his employment is whether under contract of employment, construed in the light of all the attendant circumstances, there is either an express or implied undertaking by the employer to provide transportation (2 Comp. Laws 1929, § 8417).

2. SAME—EXCESSIVE EXPOSURE TO TRAFFIC HAZARDS IN COURSE OF EMPLOYMENT.

   While normal traffic hazards encountered while traveling to and from place of work are deemed to be risks common to all and are not connected with the employment status, where employment subjects the employee to excessive exposure to the common risk, injuries sustained therefrom are compensable as they arise out of and in the course of the employment (2 Comp. Laws 1929, § 8417).

3. SAME—ACCIDENT WHILE TRAVELING TO EMPLOYMENT.

   Fatal accident to truck driver who had spent week end at home and was returning to city at which his truck had arrived too late to be reloaded for return home was compensable where contract of employment contemplated free transportation by defendant employer in defendant's trucks to and from home city for week end in case driver did not choose to remain at city with truck at company's expense (2 Comp. Laws 1929, § 8417).

4. SAME—FINDING OF FACT BY DEPARTMENT—SUPREME COURT—EVIDENCE.

   A finding of fact by the department of labor and industry is conclusive on Supreme Court on appeal under the workmen's compensation act if there is any evidence from which such a conclusion might reasonably be inferred (2 Comp. Laws 1929, § 8451).

5. SAME—ACCIDENT—SUICIDE—INTENTIONAL AND WILFUL MISCONDUCT—EVIDENCE.

    Evidence in record, aside from defendant's reports filed to comply with the law, showing that truck driver heard cab door "click" open, "felt a bump," noticed that plaintiffs' decedent, his coemployee, was no longer beside him, and the body was later found in the road, *held*, sufficient to support finding of accidental injury by department where it found there was nothing to indicate that intentional and wilful misconduct was responsible for the injury and there is nothing to overcome presumption against suicide (2 Comp. Laws 1929, §§ 8417, 8418).

Appeal from Department of Labor and Industry. Submitted October 10, 1940. (Docket No. 45, Calendar No. 41,231.)    Decided December 10, 1940.

Fannie Chrysler presented claim for herself and children against Blue Arrow Transport Lines, employer, and St. Paul Mercury Indemnity Company, insurer, for compensation for the death of her husband, George Chrysler, killed while riding on the truck of his employer.    Award to plaintiffs.    Defendants appeal.    Affirmed.

*William K. Clute,* for plaintiffs.

*Clifford A. Mitts, Jr.,* for defendants.

BUTZEL, J.    Defendant operated a number of trucks between Grand Rapids and Chicago.    Plaintiff's decedent, George Chrysler, met his death on Sunday night, August 27, 1939, while riding on a truck of his employer, the defendant carrier company.    Chrysler's duties were to drive a loaded truck from Grand Rapids, his home, to Chicago, unload the truck there, have it reloaded with goods destined for Grand Rapids, and then drive the truck

on its return trip. It appears that any of defendant's drivers who arrived in Chicago on Saturday too late for the unloading and reloading had the choice of remaining in Chicago over Sunday at defendant's expense, or of returning home for the week end on another of defendant's trucks if one were returning to Grand Rapids. Decedent arrived in Chicago on Saturday, August 26th, too late for the reloading of his return cargo, and he chose to return to Grand Rapids that night on one of the trucks. He spent Sunday with his family in Grand Rapids and started back for Chicago on a company truck. He rode in the cab with the driver. All we know of the mishap is that the driver heard the door of the cab "click" open, "felt a bump," and then he noticed that his passenger was no longer beside him; the body, badly crushed, was found on the road.

The first question presented is whether there is room for the finding of the department of labor and industry that deceased met his death from injury "arising out of and in the course of his employment" (2 Comp. Laws 1929, § 8417 [Stat. Ann. § 17.151]). Defendant urges application of the rule that travel to and from the place where the employee's duties are to be performed is unrelated to the employment (see *Furino* v. *City of Lansing*, 293 Mich. 211; *Simpson* v. *Lee & Cady*, 294 Mich. 460). But in *Konopka* v. *Jackson County Road Commission*, 270 Mich. 174 (97 A. L. R. 552), it was said that where the contract of employment contemplates conveyance of the employee to or from his place of work, accident arising out of such transportation is compensable. Solution of the problem in the present case is aided by the test suggested in the *Konopka Case*, "whether under the contract of

employment, construed in the light of all the attendant circumstances, there is either an express or implied undertaking by the employer to provide the transportation.'' In the case before us there was a clear undertaking on the part of the employer to furnish week-end transportation between Grand Rapids and Chicago whenever the last trip of the week did not leave the driver in his home town. While, generally speaking, normal traffic hazards encountered while traveling to and from the place of work are deemed to be risks common to all and are not connected with the employment status, industry must bear the loss from injuries sustained from such common risks when the task subjects the worker to ''excessive exposure to the common risk'' (see *Cudahy Packing Co. v. Parramore,* 263 U. S. 418, 425 [44 Sup. Ct. 153, 30 A. L. R. 532]). In the case before us, travel itself was the employment, imposing abnormal risk of travel mishaps, not only while driving a loaded truck but in returning to the starting point of a journey after the allowed free time. See *Bisdom v. Kerbrat,* 251 Mich. 316; *Wilhelm v. Angell, Wilhelm & Shreve,* 252 Mich. 648; *Konopka v. Jackson County Road Commission, supra; Voehl v. Indemnity Ins. Co.,* 288 U. S. 162 (53 Sup. Ct. 380, 87 A. L. R. 245).

It is contended that the deceased met his death ''by reason of his intentional and wilful misconduct'' which bars any recovery of compensation. 2 Comp. Laws 1929, § 8418 (Stat. Ann. § 17.152). The conclusion to be drawn is one of fact, and the finding of the department is conclusive if there is any evidence from which such a conclusion might reasonably be inferred. 2 Comp. Laws 1929, § 8451 (Stat. Ann. § 17.186); *McMinn v. C. Kern Brewing Co.,* 202 Mich. 414; *Hulswit v. Escanaba Manfg. Co.,* 218

Mich. 331; *Finney* v. *City of Croswell*, 220 Mich. 637; *Michalski* v. *Central Window Cleaning Co.*, 292 Mich. 465. The department expressly found that there was nothing in the record to indicate that intentional and wilful misconduct was responsible for the injury. All that is shown is that the door opened and decedent went through it. A likely inference is that the door might have been opened by decedent in order to let cool air into the cab. We have no showing that decedent was so foolhardy as to step off the fast-moving truck, and there is nothing before us to warrant dissipating the presumption against suicide. A conclusion that the fall was accidental is a justifiable inference from the meager knowledge we have of the happening.

Our conclusions herein are based on the testimony in the record and not from facts disclosed in reports filed by defendant to comply with the law.

The award is affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, BOYLES, CHANDLER, NORTH, McALLISTER, and WIEST, JJ., concurred.