# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 3, 2008

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

134799 & (89)

DANIEL A. YOUNG, as Personal
Representative of the Estate of PATRICIA
J. YOUNG,
      Plaintiff-Appellant/
      Cross-Appellee,

v

SC: 134799
COA: 266261
Oakland CC: 2003-049093-NH

PARTHA SHANKER NANDI, M.D.,
SANTE BOLOGNA, M.D., and CENTER
FOR DIGESTIVE HEALTH, a/k/a TROY
GASTROENTEROLOGY, P.C.,
      Defendants-Appellees/
      Cross-Appellants,

and

WILLIAM BEAUMONT HOSPITAL-TROY,
      Defendant.
_____/

      On order of the Court, the application for leave to appeal the June 12, 2007 judgment of the Court of Appeals and the application for leave to appeal as cross-appellants are considered. The application for leave to appeal is DENIED, because we are not persuaded that the question presented should be reviewed by this Court. With respect to the application for leave to appeal as cross-appellants, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE only that part of the Court of Appeals judgment that held that the trial court properly denied the defendants' request for a hearing concerning attorney fees in the plaintiff's favor as case evaluation sanctions under MCR 2.403(O)(6)(b). Under the facts of this case, such a hearing was necessary. We REMAND this case to the Oakland Circuit Court for a hearing on the subject of a reasonable attorney fee, consistent with *Smith v Khouri,* 481 Mich 519 (2008). In all other respects, the application for leave to appeal as cross-appellants is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

We do not retain jurisdiction.

CORRIGAN, J. (*concurring*).

I concur in all respects in the Court's order denying leave to appeal and remanding the case for an evidentiary hearing on the attorney fee award. I specifically concur in the denial of plaintiff's application for leave to appeal because the Court of Appeals correctly held that the higher noneconomic damages cap found in MCL 600.1483(1) does not apply to plaintiff's wrongful death action. I disagree, however, with the basis for the Court of Appeals holding. The Court of Appeals held that while the higher noneconomic damages cap may apply to wrongful death actions, in this case plaintiff failed to satisfy the statutory requirements for application of the higher cap.

I continue to adhere to the principles cited in my partial dissenting opinion in *Shinholster v Annapolis Hosp*, 471 Mich 540, 582-597 (2004), that the plain language of MCL 600.1483(1) prohibits the application of the higher noneconomic damages cap to all wrongful death actions.

CAVANAGH, WEAVER, and KELLY, JJ., would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 3, 2008

_Corbin R. Davis_
Clerk