# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 3, 2009

136940(19)

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

STACY J. SAZIMA,
         Plaintiff-Appellee,

v

SHEPHERD BAR & RESTAURANT and
AUTO-OWNERS INSURANCE COMPANY,
         Defendants-Appellants.

SC: 136940
COA: 281855
WCAC: 06-000269

_____/

By order dated December 17, 2008, this Court peremptorily reversed the ruling of the Workers' Compensation Appellate Commission, which had found that the plaintiff's injury occurred in the course of her employment. On order of the Court, the plaintiff-appellee's motion for reconsideration is GRANTED. We VACATE our order of December 17, 2008. The application for leave to appeal the June 17, 2008 order of the Court of Appeals is DENIED, because we are no longer persuaded that the question presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

I dissent from the majority's decision to vacate this Court's previous order, 482 Mich 1110 (2008), and to deny leave to appeal, effectively reversing our previous decision. The Workers' Compensation Appellate Commission (WCAC) erred, in my judgment, by awarding plaintiff benefits for an injury that did not occur "in the course of employment." MCL 418.301(1). Rather, plaintiff was injured while walking from her car parked along a public street to her place of employment. Because the Worker's Disability Compensation Act does not extend to an injury occurring under such circumstances, I would reverse this decision.

Generally, "injuries that occur while traveling to or coming from work are not compensable." *Camburn v Northwest School Dist*, 459 Mich 471, 478 (1999) (quotation marks and citation omitted); see also *Simkins v Gen Motors Corp (After Remand)*, 453 Mich 703, 723 (1996). Known as the "coming and going" rule, this protects employers

from incurring liability for injuries occurring in areas over which they have no control. An employee can avoid this rule only by establishing one of several established exceptions, *Camburn*, *supra* at 478, none of which is applicable here.

For the "special benefit" exception to apply, the "special benefit" must be the result of the "activity at the time of the injury." *Id*. at 478 (quotation marks and citation omitted). Plaintiff's activity at the time of injury was walking to work, which provided no special benefit to defendant. *Bowman v RL Coolsaet Construction Co*, 275 Mich App 188, 191 (2007). Instead, plaintiff was "master of [her] own movements upon the street and encountered there a risk incident to any user of the street." *Dent v Ford Motor Co*, 275 Mich 39, 42 (1936).

For the "excessive risk" exception to apply, "travel itself [must be] the employment." *Chrysler v Blue Arrow Transport Lines*, 295 Mich 606, 609 (1940). "[N]ormal traffic hazards encountered while traveling to and from the place of work are deemed to be risks common to all . . . ." *Id.* The plaintiff in *Chrysler* drove a truck for the employer. The Court emphasized that his injury was compensable because the additional risk that caused the injury was created by the inherent purpose of the employment. *Id.* Here, plaintiff's case arises only from the normal hazards all employees encounter while traveling to work.

Established law simply does not support the majority's decision to reverse our previous order. The only basis for this reversal is supplied in previous statements by justices in the majority: "[t]here is but one answer, the makeup of the Court. The law has not changed. Only the individuals wearing the robes have changed." *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 256 (2007) (Kelly, J., dissenting in part); "The only change has been the composition of this Court." *Paige v City of Sterling Hts*, 476 Mich 495, 532-533 (2006) (Cavanagh, J., dissenting in part). In the context of a motion for reconsideration, and without the benefit of an opinion, the majority effectively reverses precedent. I dissent.

CORRIGAN and YOUNG, JJ., join the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 3, 2009

0331

Clerk