# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 24, 2009

137358-9

JERRY JUAREZ,
           Plaintiff-Appellee,

v

JOHN JAMES HOLBROOK, ALL-IN-ONE
DISPOSAL CORP., d/b/a ASSET
MANAGEMENT, INC., and ALL ONE
DISPOSAL, INC.,
           Defendants-Appellants,

and

TECHNICAL LOGISTIC CORPORATION,
           Defendant.
_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 137358-9
COA: 275040; 276312
Wayne CC: 05-501601-NI

On order of the Court, the application for leave to appeal the July 1, 2008 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J. (*dissenting*).

I would vacate that part of the Court of Appeals judgment that held that the trial court properly determined the amount of attorney fees as case evaluation sanctions, and I would remand this case to the Wayne Circuit Court for reconsideration in light of *Smith v Khouri*, 481 Mich 519 (2008). In all other respects, I would deny leave to appeal.

MARKMAN, J. (*dissenting*).

I dissent and would vacate that part of the Court of Appeals judgment that held that the trial court properly determined the amount of attorney fees as case evaluation sanctions. I would also remand to the trial court for reconsideration in light of *Smith v Khouri*, 481 Mich 519 (2008).

Defendant was entitled to such sanctions because the jury verdict was well below the case evaluation award that all parties had rejected. The trial court awarded $68,893 in attorney fees, calculating the amount by taking the defense attorneys' hourly rate, which the court found to be low, and multiplying it by the number of hours billed, which the court found to be high. Defendants appealed, arguing that the amount was inadequate, but the Court of Appeals affirmed. One day later, this Court issued *Smith*, in which we clarified the process of calculating case evaluation attorney fees:

> [T]he trial court should begin the process of calculating a reasonable attorney fee by determining factor 3 under MRPC 1.5(a), i.e., the reasonable hourly or daily rate customarily charged in the locality for similar legal services, using reliable surveys or other credible evidence. This number should be multiplied by the reasonable number of hours expended. This will lead to a more objective analysis. After this, the court may consider making adjustments up or down in light of the other factors listed in *Wood* [*v Detroit Automobile,* 413 Mich 573; 321 NW2d 653 (1982*)*] and MRPC 1.5(a). In order to aid appellate review, the court should briefly indicate its view of each of the factors. [*Smith*, *supra* at 522.]

A remand to the trial court for compliance with *Smith* is clearly required here. See *Young v Nandi* (Docket No. 134799, order entered October 3, 2008). However, the majority's disdain for *Smith* is apparently viewed as adequate justification for ignoring *Smith*. Rather than forthrightly overruling this decision, something the new majority is apparently loathe to do (perhaps because several majority justices repeatedly and loudly proclaimed fealty to stare decisis, and dissented, whenever the former majority overruled a precedent), it is increasingly becoming the modus operandi of this Court that relevant precedents simply be ignored. See, e.g., *VanSlembrouck v Halperin* (Docket No. 135893, order entered April 24, 2009), where the new majority ignored *Vega v Lakeland Hospitals,* 479 Mich 243, 244 (2007), *Hardacre v Saginaw Vascular Services* (Docket No. 135706, order entered March 27, 2009), where the new majority failed to follow *Boodt v Borgess Med Ctr*, 481 Mich 558 (2008), and *Sazima v Shepherd Bar* (Docket No. 136940, order entered April 3, 2009), where the new majority failed to follow *Chrysler v Blue Arrow Transport Lines*, 295 Mich 606 (1940), and *Camburn v Northwest School Dist (After Remand)*, 459 Mich 471 (1999).

CORRIGAN and YOUNG, JJ., join the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 24, 2009

Clerk