CORRIGAN, J.
(dissenting). In this personal injury case arising from a motor vehicle collision with a state-owned vehicle driven by a state employee, I would remand to the Court of Appeals for consideration as on leave granted. Defendant, the state of Michigan, argues with some force that plaintiffs claim may not be maintained because he did not file the statutorily required notice of his claim within six months of his accident.
The notice provision in MCL 600.6431 provides:
(1) No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths.
(2) Such claim or notice shall designate any department, commission, board, institution, arm or agency of the state involved in connection with such claim, and a copy of such claim or notice shall be furnished to the clerk at the time of the filing of the original for transmittal to the attorney general and to each of the departments, commissions, boards, institutions, arms or agencies designated.
(3) In all actions for property damage or personal injuries, claimant shall file with the clerk of the court of claims a notice of intention to file a claim or the claim itself within 6 months following the happening of the event giving rise to the cause of action. [Emphasis added.]
*1028 The statutory language is clear. Subsections 1 and 3 together provide that in all actions for personal injuries, “[n]o claim may be maintained against the state” unless the claimant files the required notice of the claim or the claim itself within 6 months of the accrual of the claim. Here, it is undisputed that plaintiff filed no notice whatsoever and that he did not file his claim until approximately three years after the accident.
Plaintiffs failure to file the required notice in the Court of Claims bars his action regardless whether, as the Court of Claims found, the state’s “insurance carrier was put on notice regarding this claim.” Statutory notice provisions must be enforced as written. In Rowland v Washtenaw Co Rd Comm, 477 Mich 197 (2007), the plaintiff filed a written notice after 140 days, thus failing to meet the 120-day deadline of the notice provision in the highway exception to governmental immunity, MCL 691.1404(1). This Court rejected earlier caselaw[1] that had assumed notice provisions are unconstitutional if they do not contain a prejudice requirement. Rowland, supra at 210. This Court agreed with Justice Riley’s dissent in Brown v Manistee Co Rd Comm, 452 Mich 354 (1996), that the notice provision is social legislation that has a rational basis. “ ‘Notice provisions rationally and reasonably provide the state with the opportunity to investigate and evaluate a claim.’ ” Rowland, supra at 210, quoting Brown, supra at 370 (Riley, J., dissenting). Other reasons for requiring notice include “allowing time for creating reserves for the [Motor Vehicle Accident Claims] Fund, reducing the uncertainty of the extent of future demands, or even to force the claimant to an early choice regarding how to proceed.” Rowland, supra at 212, citing the dissent in the consolidated cases of Lisee v Secretary of State and Howell v Lazaruk, 388 Mich 32 (1972). All these reasons provided a rational basis that assured the constitutionality of the notice provision. Rowland, supra at 212.
The notice provision at issue here is substantively identical to the provision in Rowland. It provides that “[n]o claim may be maintained against the state” unless the notice is filed in the Court of Claims within the prescribed time. Plaintiff did not file any notice. The Court of Claims holding that the state had notice “because the [state’s] insurance carrier was put on notice regarding this claim” is completely at odds with this Court’s holding in Rowland.
The failure of the Court of Claims to enforce the notice requirement subverts both the language and the purpose of the statutory directive. MCL 600.6431, by requiring the filing in the Court of Claims of a signed and verified notice “stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained,” ensures that the notice will afford the state an opportunity to evaluate the claim and prepare for potential litigation. It also forces the claimant to specify “in detail” the nature of the claim and the types of damages alleged. By contrast, a mere informal communication with an insurance representative does not provide notice in the statutorily required manner that *1029 would assist the state in its evaluation and preparation of the case, nor does it force the claimant to make an early choice on how to proceed in the same way as does the signed and verified written notice required by MCL 600.6431.
In short, the statute requires the claimant to file a particular type of notice in a particular place, the Court of Claims. Nothing in the statute permits notice to be communicated informally through an insurance representative. The judicial branch does not possess the authority to override the Legislature’s chosen method of providing notice.
Finally, the new majority’s failure to abide by Rowland continues a growing and troubling trend. Rather than forthrightly overruling that decision, it is increasingly becoming the practice of this Court to simply ignore precedents with which it disagrees. See, e.g., Vanslembrouck v Halperin, 483 Mich 965 (2009), in which the new majority ignored Vega v Lakeland Hosps, 479 Mich 243, 244 (2007); Hardacre v Saginaw Vascular Services, 483 Mich 918 (2009), in which it failed to follow Boodt v Borgess Med Ctr, 481 Mich 558 (2008); Sazima v Shepherd Bar & Restaurant, 483 Mich 924 (2009), in which it failed to follow Chrysler v Blue Arrow Transport Lines, 295 Mich 606 (1940); and Camburn v Northwest School Dist (After Remand), 459 Mich 471 (1999), and Juarez v Holbrook, 483 Mich 970 (2009), in which it failed to follow Smith v Khouri, 481 Mich 519 (2008).
In her concurrence, Chief Justice Kelly attempts to explain away the new majority’s actions by sharing her views regarding the prior caselaw that the new majority has otherwise chosen to ignore. But Chief Justice Kelly’s interpretation of a prior case in a concurring statement is not a decision of the Court. More importantly, her argument overlooks the fundamental problem: the new majority’s continuing failure to explain its apparent disregard of this Court’s precedent undermines the predictability and stability of the rule of law.
In Van Orden v Perry, 545 US 677, 697 (2005), a concurring justice similarly criticized the United States Supreme Court’s Establishment Clause precedents as being so flexible that they were “incapable of consistent application.” The concurring justice explained that “[t]he unintelligibility of this Court’s precedent raises the further concern that, either in appearance or in fact, adjudication of Establishment Clause challenges turns on judicial predilections.... The outcome of constitutional cases ought to rest on firmer grounds than the personal preferences of judges.” Id. (Thomas, J., concurring).
The concerns expressed in Van Orden find ample support in United States Supreme Court caselaw, which has long recognized the importance of a coherent body of law. See, e.g., Hilton v South Carolina Pub Railways Comm, 502 US 197, 202 (1991) (stating that adherence to precedent promotes stability and predictability). Legal principles should not change erratically; rather, the law should “develop in a principled and intelligible fashion.” Vasquez v Hillery, 474 US 254, 265 (1986) (emphasis added). “While stare decisis is not an inexorable command, the careful observer *1030 will discern that any detours from the straight path of stare decisis in our past have occurred for articulable reasons . . . Id. at 266 (emphasis added).
On this Court, the new majority offers no articulable reasons whatsoever for its apparent detours from stare decisis. Instead, the majority declines to explain whether — and, if so, why — it is overruling precedent despite the obvious appearance that it is doing so. If it intends to alter legal principles embedded in this Court’s decisions, then the new majority should explain its reasons clearly and intelligibly. Instead, the new majority overrules by indirection, or at least leaves the impression that it is doing so, thereby sowing the seeds of confusion and making it difficult for the citizens of this state to comprehend precisely what our caselaw requires. This appears to be an unfortunate return to our predecessors’ past practice of “frequently palying] little attention to the inconsistencies among its cases and declin[ing] to reduce confusion in [the Court’s] jurisprudence by overruling conflicting decisions.” Devillers v Auto Club Ins Ass’n, 473 Mich 662, 671 n 19 (2005).
Accordingly, I would remand this case to the Cotut of Appeals for consideration as on leave granted. Defendant advances a compelling argument that because plaintiff did not file the statutorily required notice in the Court of Claims within six months of his accident, his claim may not be maintained under the plain language of MCL 600.6431.
Young and Markman, JJ. We join the statement of Justice Corrigan.

 See Hobbs v Dep’t of State Hwys, 398 Mich 90, 96 (1976), and Brown v Manistee Co Rd Comm, 452 Mich 354, 356-357 (1996).