Kelly, C.J.
(concurring). I concur in this Court’s order granting reconsideration and vacating our December 3, 2008 order.[1] Our prior order improperly vacated the portion of the Court of Appeals opinion stating that “[a]lmost any causal connection or relationship will do.”[2]
This case involves an interlocutory appeal by defendant, State Farm Mutual Automobile Insurance Company, from the probate court’s denial of summary disposition. Plaintiffs claim was made under the no-fault insurance act,[3] and the issue on appeal is the level of causation required to support a claim under the act.
Plaintiff was injured in an automobile accident in 1981 that left her impaired and legally incapacitated. Because of skeletal and brain trauma from the accident, she has been unable to lead a normal active life and, as a result, has gained some 80 pounds.[4] This, in turn, has caused her cholesterol to skyrocket, causing hyperlipidemia. She now requires medication to control it. Defendant State Farm originally paid for plaintiffs medication, but has since terminated her benefits.[5] Plaintiff sued to reinstate the benefits, and when State Farm moved to dismiss her claim, the probate court denied the motion. The circuit court denied leave to appeal, and the Court of Appeals affirmed the probate court’s decision in a published opinion per curiam.[6]
Previously, this Court partially vacated the Court of Appeals judgment. In so doing, the Court ignored a line of Michigan caselaw that has existed and been followed since 1979. It concerns the threshold level of causation a plaintiff must establish to proceed in no-fault cases. Current law holds that evidence establishing “almost any causal connection or relationship will do,”[7] as the Court of Appeals indicated. The causal connection must also be “more than incidental, fortuitous or ‘but for.’ ”[8]
Contrary to the dissent’s conclusion, the Court of Appeals correctly followed and applied the law. As the Cburt of Appeals held in Rangas v Aetna Cas & Surety Co, “while the automobile need not be the proximate cause of the injury, there still must be a causal connection *1034 between the injury sustained and the ownership, maintenance or use of the automobile and which causal connection is more than incidental, fortuitous or but for.”[9]
Four years later, the Court of Appeals, in Shinabarger v Citizens Mut Ins Co, again examined the causation element of no-fault insurance claims:
The term “arising out of” does not mean proximate cause in the strict legal sense, nor require a finding that the injury was directly and proximately caused by the use of the vehicle .... \A\lmost any causal connection or relationship will do ... . [T]he injury need not be the proximate result of “use” in the strict sense, but it cannot be extended to something distinctly remote. Each case turns on its precise individual facts. The question to be answered is whether the injury “originated from”, “had its origin in”, “grew out of”, or “flowed from” the use of the vehicle. [Citations and quotation marks deleted; emphasis added.][10]
In 1983, in Bradley, the Court of Appeals repeated the language from Shinabarger, stating that “almost any causal relationship or connection will do.”[11] However, Bradley also quoted the Kangas holding that “ ‘there still must be a causal connection between the injury sustained and the ownership, maintenance or use of the automobile and which causal connection is more than incidental, fortuitous or but for.’ ”[12] It is noteworthy that Bradley used both the Kangas and Shinabarger standards, indicating that they are compatible.
In Thornton, this Court repeated the “incidental, fortuitous, or ‘but for’ ” language of Kangas.[13] Thornton did not discuss the “almost any causal connection will do” language. Recently, in Putkamer v Transamerica Ins Corp of America, this Court affirmed that the causal connection between an injury and the use of the motor vehicle must be more than incidental, fortuitous, or “but for.” [14]
The Court of Appeals did not err in relying on these cases to interpret the causal nexus required in a no-fault case involving injury. Precedent makes clear that an injury requires more than a fortuitous, incidental, or “but for” causal connection, but does not require proximate causation. As Bradley states, “almost any causal connection will do.” Nothing suggests that these two standards are in opposition or cannot be applied together. *1035 They logically build on one another and stand for the same basic proposition. Taken together, they mean that evidence establishing almost any causal connection will suffice when it is more than merely fortuitous, incidental, or but for. But it need not be much more; almost any causal connection or relationship will do. The Court in Bradley recognized this when it cited both standards to render its decision, just as the Court of Appeals did in this case.
The Court of Appeals undertook a thorough analysis of no-fault law and applied it correctly. Bather than apply no-fault law as it has been understood for nearly 30 years, the dissent appears to want to extend the scope of Putkamer. It appears intent on silencing the valid and applicable law of Bradley and Shinabarger, law that forms the contours of the Putkamer rule and aids in its application. I am unwilling to push Putkamer down a road it was never intended to travel by brushing Bradley and Shinabarger aside to become debris on the legal landscape.
In addition, the dissent asserts that this Court has been ignoring precedents. It is mistaken. For example, the dissent claims that in Vanslembrouck v Halperin,[15] the Court ignored Vega v Lakeland Hosps.[16] However, Vanslembrouck is distinguishable from Vega because Vega determined that MCL 600.5851(1) is a saving provision, whereas Vanslembrouck held that MCL 600.5851(7) is a statute of limitations. Thus, these cases examined the effects of altogether different statutory provisions.
The dissent also claims that in Hardacre v Saginaw Vascular Services[17] the Court failed to follow Boodt v Borgess Med Ctr.[18] However, in Hardacre, the Court denied leave to appeal because the allegations in the plaintiffs notice of intent did not need to comply with Boodt. In Hardacre, the burden of explication of the standard of care was minimal.[19]
Nor did the Court ignore precedent in Sazima v Shepherd Bar & Restaurant,[20] The dissent claims that the Court failed to follow Chrysler v Blue Arrow Transport Lines[21] However, Sazima involved exceptions to the “going and coming” rule as set forth in Cambum v Northwest School Dist.[22] Thus, the Court was not bound by Chrysler.
*1036 Finally, the dissent claims that the Court ignored Smith v Khouri[23] when it decided Juarez v Holbrook,[24] However, in Juarez, it was undisputed that the trial court performed a reasonableness analysis in calculating the proper attorney fee award. Therefore, a remand in light of Smith was unnecessary.
Justice CORRIGAN would have the Court ignore three decades of no-fault jurisprudence in an effort to select and silence what she finds to be disagreeable portions of precedent in the Court of Appeals opinion. In addition, she reproaches the Court for refusing to extend precedent to new areas, claiming that refusing to extend precedent confuses the law and injects whimsy into it. I reject these claims as unpersuasive when weighed objectively. Accordingly, I respectfully concur in the order granting reconsideration and vacating this Court’s prior order in this case.

 482 Mich 1074 (2008).

 Scott v State Farm Mut Automobile Ins Co, 278 Mich App 578, 586 (2008) (citations and quotation marks deleted).

 MCL 500.3101 et seq.

 She weighed 120 pounds before the accident.

 State Farm’s own independent medical examiner acknowledged a causal link between plaintiffs hyperlipidemia and the automobile accident.

 Scott, supra.

 Bradley v Detroit Automobile Inter-Ins Exch, 130 Mich App 34, 42 (1983) (citation and quotation marks deleted).

 Thorton v Allstate Ins Co, 425 Mich 643, 659 (1986).

 Kangas v Aetna Cas & Surety Co, 64 Mich App 1, 17 (1975) (emphasis added).

 Shinabarger v Citizens Mut Ins Co, 90 Mich App 307, 313-314 (1979).

 Bradley, supra at 42 (citation and quotation marks deleted).

 Id. at 41-42.

 Thornton, supra at 659.

 Putkamer v Transamerica Ins Corp of America, 454 Mich 626, 634 (1997).

 Vanslembrouck v Halperin, 483 Mich 965 (2009).

 Vega v Lakeland Hosps, 479 Mich 243 (2007).

 Hardacre v Saginaw Vascular Services, 483 Mich 918 (2009).

 Boodt v Borgess Med Ctr, 481 Mich 558 (2008).

 See Roberts v Mecosta Co Gen Hosp (After Remand), 470 Mich 679, 694 n 12 (2004).

 Sazima v Shepherd Bar & Restaurant, 483 Mich 924 (2009).

 Chrysler v Blue Arrow Transport Lines, 295 Mich 606 (1940).

 Cambum v Northwest School Dist, 459 Mich 471, 478 (1999).

 Smith v Khouri, 481 Mich 519 (2008).

 Juarez v Holbrook, 483 Mich 970 (2009).