Corrigan, J.
(dissenting). In this case arising from a slip and fall in a puddle of water at the Detroit Metropolitan Airport, I dissent from the order granting plaintiffs motion for reconsideration. This Court did not err in its December 18, 2008, order reversing the judgment of the Court of Appeals for the reasons stated in the Court of Appeals dissenting opinion. Defendant Wayne County Airport Authority is entitled to summary disposition because plaintiff faded to serve on defendant a notice of the occurrence of the injury and the nature of the defect within 120 days of his injury. An injured person must serve such a notice as a condition to recovery under the public building exception to governmental immunity, MCL 691.1406.
By granting reconsideration and reinstating the Court of Appeals decision, the majority leaves intact a complete distortion of the statutory notice provision. Under the decision upheld today, a governmental agency in Michigan now must divine the intentions of any injured or potentially injured person and then notify itself that the person may file a lawsuit. Any routine police or incident report that the government itself creates may now be deemed a notice to the government of a potential lawsuit. This decision subverts our Legislature’s clearly expressed mandate that “the injured person” must serve a notice on the government as a “condition” to recovery. As a result, governmental agencies in Michigan will likely be forced to devote limited public resources to comply with a new, judicially invented duty in thousands of potential lawsuits every year.
The notice provision of the public building exception, MCL 691.1406, provides:
As a condition to any recovery for injuries sustained by reason of any dangerous or defective public building, the injured person, within 120 days from the time the injury occurred, shall serve a notice on the responsible governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.
The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully he served with civil process directed against the responsible governmental agency, anything to the contrary in the charter of any municipal corporation notwithstanding. [Emphasis added.]
In Rowland v Washtenaw Co Rd Comm, 477 Mich 197 (2007), the plaintiff filed a written notice after 140 days, thus failing to meet the 120-day deadline of the notice provision in the highway exception to governmental immunity, MCL 691.1404(1). This Court rejected earlier caselaw[1] that had assumed notice provisions are unconstitutional if they do not contain a prejudice requirement. Rowland, supra at 210. This *1083 Court agreed with Justice Riley’s dissent in Brown v Manistee Co Rd Comm, 452 Mich 354 (1996), that the notice provision is social legislation that has a rational basis. “ ‘Notice provisions rationally and reasonably provide the state with the opportunity to investigate and evaluate a claim.’ ” Rowland, supra, at 210, quoting Brown, supra at 370 (Riley, J., dissenting). Other reasons for requiring notice include “allowing time for creating reserves for the [Motor Vehicle Accident Claims] Fund, reducing the uncertainty of the extent of future demands, or even to force the claimant to an early choice regarding how to proceed.” Rowland, supra at 212, citing the dissent in the consolidated cases of Lisee v Secretary of State and Howell v Lazaruk, 388 Mich 32 (1972). All these reasons provided a rational basis that assured the constitutionality of the notice provision. Rowland, supra at 212.
The notice provision at issue here is substantively identical to the provision in Rowland. It requires “the injured person” to serve a notice on the responsible governmental agency “within 120 days from the time the injury occurred.” Plaintiff did not serve any notice. Rather, plaintiff claims, and the Court of Appeals held, that an internal incident report, a report that defendant itself generated, was sufficient to establish that plaintiff served a notice.
But it is beyond dispute that plaintiff, “the injured person,” did not serve this internal incident report on an individual who may lawfully be served with civil process directed against defendant. An officer for defendant simply prepared the report in the course of his duties and submitted the report to defendant’s operations agent. Plaintiff presented no evidence that either of these employees was authorized to accept service on behalf of defendant.[2]
*1084 Nor did plaintiffs informal oral statement to defendant’s officer following his fall suffice to establish the statutorily required notice. MCL 691.1406 requires the injured person to serve “a notice” on the governmental agency. The term “a notice” plainly contemplates a written document. Moreover, the statute provides that “the notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the responsible governmental agency . . . .’’An informal oral statement obviously cannot be “served” personally or by certified mail. Black’s Law Dictionary (6th ed) defines “service” in practice as the
exhibition or delivery of a writ, summons and complaint, criminal summons, notice, order, etc., by an authorized person, to a person who is thereby officially notified of some action or proceeding in which he is concerned, and is thereby advised or warned of some action or step which he is commanded to take or to forbear.
This definition requires the delivery of a written document to the person authorized to accept service to provide the requisite official notice.
Further, the requirement of MCL 691.1406 that a notice be served on one “who may lawfully be served with civil process” on behalf of the governmental agency is incompatible with informal oral notice. The service of civil process is the service of formal written documents in order to commence suit.[3] It follows that a notice must also be a formal written document sufficient to make the governmental agency aware of the potentially impending lawsuit. The judiciary should not eviscerate the legal definition of the terms employed by the Legislature to allow completely informal oral statements to form the requisite service of notice.
Plaintiffs failure to serve a notice within 120 days bars his recovery. As we held in Rowland, service of a notice is mandatory, and MCL 691.1406 plainly says that service of a notice is “a condition to any recovery for injuries sustained by reason of any dangerous or defective public building.” Plaintiff did not satisfy that condition, and he thus may not recover for his injuries under the public building exception.
The failure of the Court of Appeals to enforce the statutory notice requirement, a failure that the majority of this Court now leaves intact, entirely subverts the proper functioning of a large governmental organization such as the defendant airport authority. MCL 691.1406, by requiring an injured person to serve a notice on an individual who may legally be served with process against the governmental agency, ensures that the notice will be directed to appropriate personnel to evaluate the claim and prepare for potential litigation. By contrast, a routine internal *1085 incident report may not alert the governmental agency’s risk managers that the injured person is contemplating a potential claim.
Nor would the Court of Appeals reasoning be limited to cases arising under the public building exception. If an internal incident report is now considered “a notice” from “the injured person” under the public building exception, then it is fair to conclude that a routine police report of a seemingly minor traffic accident or of a pedestrian trip and fall could also constitute a notice for the purposes of the highway exception, MCL 691.1404(1).
The ramifications of this new, judicially invented duty of self-notification should not be underestimated. Governmental agencies in Michigan are now tantamount to agents for thousands of persons every year who might, one day, claim to be injured after tripping, slipping, falling, or stumbling in a public building or on a public road or sidewalk, or after a minor automobile accident. This new duty will arise whenever a routine incident or police report has been prepared. Governmental agencies may have no choice but to use limited public funds to hire additional staff to comb through thousands of reports of seemingly minor incidents to discern whether each report is actually “a notice” from “the injured person” that requires preparation for a possible lawsuit. Or perhaps, to protect against the increased risk of litigation and the resulting depletion of scarce public funds, governmental agencies will simply decline to prepare police and incident reports on a regular basis, thereby depriving the public of the obvious benefits that such reports serve.
Finally, the new majority’s failure to abide by Rowland continues a growing and troubling trend. Rather than forthrightly overruling this decision, it is increasingly becoming the practice of this Court to simply ignore precedents with which it disagrees. See, e.g., Vanslembrouck v Halperin, 483 Mich 965 (2009), where the new majority ignored Vega v Lakeland Hospitals, 479 Mich 243, 244 (2007); Hardacre v Saginaw Vascular Services, 483 Mich 918 (2009), where it failed to follow Boodt v Borgess Med Ctr, 481 Mich 558 (2008); Sazima v Shepherd Bar & Restaurant, 483 Mich 924 (2009), where it failed to follow Chrysler v Blue Arrow Transport Lines, 295 Mich 606 (1940), and Cambum v Northwest School Dist, 459 Mich 471 (1999); and Juarez v Holbrook, 483 Mich 970 (2009), where it failed to follow Smith v Khouri, 481 Mich 519 (2008).
Accordingly, I would deny the motion for reconsideration. Plaintiff, “the injured person,” did not serve “a notice” of the defect and his injury on the responsible governmental agency within 120 days and thus did not satisfy the “condition” for recovery prescribed in MCL 691.1406.
Young and Markman, JJ. We join the statement of Justice Corrigan.

 See Hobbs v Dep’t of State Hwys, 398 Mich 90, 96 (1976), and Brown v Manistee Co Rd Comm, 462 Mich 354, 356-357 (1996).

 Indeed, these lower level bureaucratic employees are not the individuals authorized to accept service of civil process on behalf of defendant under MCL 600.1925:
Service of process upon public, municipal, quasi-municipal, or governmental corporations, unincorporated boards, or public bodies, may be made by leaving a summons and a copy of the complaint with
(8) the president, chairman, secretary, manager, or clerk, in the case of any other public body organized or existing under the constitution or any law of this state, when by statute no other method of service is specially provided.
The service of process may be made on any officer having substantially the same duties as those named or described irrespective of their titles. In any case, service may be made by leaving a summons and a copy of the complaint with a person in charge of the office of any of the above-described officers upon whom service may be *1084 made and sending by registered mail a summons and a copy of the complaint addressed to such officer at his office.

 MCR 2.102.